# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI.

## FIRST JUDICIAL DISTRICT,

SEPTEMBER TERM, 1838.

---

### JEFFERS v. OLIVER, TO THE USE OF BRYANS.

Our statute making promissory notes assignable, and authorizing the assignee to sue in his own name, makes the assignee the *legal* owner of the instrument, and consequently erroneous to institute suit in the name of the assignor for the benefit of the assignee.

ERROR to the circuit court of Pettis county.

W. *Adams,* counsel for plaintiff in error.

*Wilson,* counsel for defendant in error.

TOMPKINS, Judge, delivered the opinion of the court.

This action was commenced before a justice of the peace by Oliver, for the benefit of Morgan Bryans, against Branch Jeffers, and judgment being given against Oliver by the justice, he appeals to the circuit court.

Upon the trial in the circuit court, Oliver, the plaintiff, there offered to read in evidence a note made by Jeffers, the defendant, to Oliver, the plaintiff, or order. On this note were several assignments, the last of which was to Morgan Bryans, for whose benefit the suit was brought. In the circuit court Oliver had judgment, and to reverse that judgment, this writ of error is prosecuted.

Several errors are assigned, but the only point made is, whether Oliver ought to have been permitted by the circuit court to read the note in evidence which is above mentioned. The defendant did object to the reading of it before the circuit court, and his objection was properly saved in the bill of exceptions.

By the second section of the act of the 4th February, 1835, concerning bonds and notes, "all bonds and promissory notes, for money or property, shall be assignable, and the assignee may maintain an action thereon in his own name against the obligor or maker for the recovery of the money or property specified in such bond or note, or so much thereof as shall appear to have been due at the time of the assignment, in like manner as the payee or obligee might have done."

It is contended that the language of the act permits the assignee to sue, but does not extinguish the common law right which the assignee had before the making of the statute, to use the name of the payee or obligee in suing for his own use or benefit. It is true that the act does not in terms abrogate the right of the assignee to use the name of the payee or obligee in the suit at law; but the act does confer on the assignee the legal interest in the note or bond assigned. Before the statute was made, the assignee used the name of the payee or obligee, because he by the assignment acquired by common law only an equitable interest in the note or bond assigned; but now the legal interest being transferred to the assignee by the operation of the statute, the assignee must sue in his own name. It seems then to me that the circuit court committed error in permitting this note to be given in evidence, and the rest of the court concurring in that opinion, its judgment is reversed.