VAN DOREN, Respondent, *vs.* RELFE, Appellant.

1. Under the new practice, the assignee of a claim for damages upon a broken covenant of seizin must sue in his own name. He cannot sue in the name of his assignor, the covenantee; and it makes no difference that, in the instrument of assignment, the assignor authorizes suit to be brought in his name.

### *Appeal from Washington Circuit Court.*

This was an action brought in January, 1852, to recover damages for the breach of a covenant of seizin contained in a deed from Relfe to Vandoren for certain land, dated August 13, 1836.

The land was within what is known as the Iron Mountain tract, confirmed to Joseph Pratte by act of congress of July 4, 1836, and Relfe had no title at the time of his conveyance to Vandoren. On the 8th of May, 1838, Vandoren conveyed all his property of every description, including the land acquired of Relfe, and all his rights of action, to trustees for the benefit of creditors. In this conveyance, the trustees were by Vandoren appointed his "true and lawful attorneys irrevocable, *in his name or otherwise,* to ask, demand and recover and receive of and from all and every person or persons all goods, chattels, debts and demands, due, owing or belonging unto him, and in default of delivery or payment, to sue for the same." In 1842, Vandoren, after regular proceedings in the United States District Court in Ohio, received his discharge under the law of the United States for the relief of bankrupts, by virtue of which, all his property and rights of action were vested in assignees in bankruptcy.

The Circuit Court held that the beneficial interest in the claim for damages was in the trustees, unaffected by the subsequent proceedings in bankruptcy, and that by the terms of the deed to them, they could maintain a suit in the name of Vandoren. The defendant appealed.

*J. W. Noell,* for appellant, among other points, insisted that the suit was not brought in the name of the proper party.

*M. Frissell*, for respondent, insisted that the suit was properly brought. The covenant of seizin does not run with the land. The assignee of Vandoren could not sue, for the reason that the breach was consummated before the assignment. The creditors of Vandoren are the "real parties interested." But it would be very inconvenient, if not impracticable, to bring the suit in their names. A case like this is provided for in the last clause of section four of article thirty of the practice act of 1849.

SCOTT, Judge, delivered the opinion of the court.

The point relied upon by the defendant is, that this suit cannot be maintained in the name of Vandoren. There being no seizin in James H. Relfe, of the land conveyed by him to Vandoren, the covenant of seizin contained in Relfe's deed was broken immediately, and a right of action accrued thereon to Vandoren so soon as it was executed. So there was in Vandoren a right of action for unliquidated damages arising from a breach of contract. Vandoren afterwards assigned this right of action to trustees for the benefit of his creditors.

The requirement of the present practice act is, that every civil action must be prosecuted in the name of the real party in interest, with some exceptions. Among these is that of a suit by the trustees of an express trust. Now but for this exception, this suit must have been brought in the name of the creditors. There was no interest in Vandoren which would have warranted a suit in his name. This is not like those cases in which a note is expressly made payable to a person who holds that note for the benefit of others, as in the case of *Harney* v. *Dutcher*, in which it was held, that the payee of the note was the trustee of an express trust. (15 Mo. Rep. 89.) Here Vandoren is the mere owner of unliquidated damages which he has assigned away. He then is in the situation of the holder of an open account, who, after he assigns it away, cannot maintain an action upon it in his own name. (*Mauro* v. *Walker*, 18 Mo. Rep. 564.)

If the right of action was not transferred to Vandoren's trustees, then it continued in him until his bankruptcy, when it passed to his assignee. So, in whatever light the matter may be viewed, Vandoren has no right to institute suit in his own name. With the concurrence of the other judges, the judgment will be reversed.