Brady v. Chandler.

———————

BRADY *et al.*, Respondents, v. CHANDLER, Appellant.

1. An instrument in the following form: "Due B. one hundred and fifty dollars. [Signed] A." is a promissory note, and a justice of the peace has jurisdiction of a suit thereon.
2. Should such an instrument be assigned by the payee, the assignee must bring suit thereon in his own name, and not in the name of the assignor.

*Appeal from St. Louis Law Commissioner's Court.*

This was a suit originally brought before a justice of the peace. The case was carried by appeal to the St. Louis law commissioner's court. The grounds on which the decision of the supreme court is based are sufficiently apparent from the opinion of the court below.

*Knight*, for appellant.

*Jecko*, for respondent.

I. The justice had jurisdiction. The suit was brought in the name of the proper party.

SCOTT, Judge, delivered the opinion of the court.

This was an action on an instrument of which the following is a copy: "St. Louis, August 5, 1857. Due Brady & Bro. one hundred and fifty dollars on demand. [Signed] J. L. Chandler." On this instrument was the following endorsement: "You will pay William Brady the within amount of said due bill. [Signed] Brady & Bro."

The suit was entitled "Brady & Bro., which firm is com-

posed of Horace D. Brady and Walker K. Brady, suing to the use of William Brady, v. J. L. Chandler." The assignment was proved, which was excepted to by the defendant. There was a judgment for the plaintiffs.

The instrument sued on was a note, and the justice of the peace had jurisdiction of the action. (McGowen v. West, 7 Mo. 569.)

Before the action was brought Brady & Bro. had assigned the note to William Brady. After the assignment, there was no title in Brady & Bro., legal or equitable. They then had no right to bring this action. They were the plaintiffs as the cause stood. The endorsing a suit for the benefit of another is a matter of no importance in determining who are the real parties to the suit. Although the action was stated to be to the use of William Brady, that did not make him a party. The suit should have been brought in the name of William Brady. (Jeffers v. Oliver, 5 Mo. 433.)

The judgment is reversed. The other judges concur.