JOHN WEISE, TO USE OF JOSEPH WALKER .et al., Plaintiff in Error, v. PHILIP GERNER, Defendant in Error.

1. *Parties to Actions—Who are real parties in interest.*— Where the lessee of certain real estate assigned to a third party his interest in the leasehold, he cannot bring an action in his own name to the use of the executors of the original lessor against the assignee of the leasehold. Under section 2, chapter 161, Gen. Stat. 1865, the action should be commenced by the executors in their own names.

### Error to Fifth District Court.

Matthew M. Hughes, in his lifetime, for himself and as guardian of M. J. and M. A. Moore, minor heirs of D. B. Moore, on the

11th of May, 1853, entered into and signed a certain contract with John Weise, by the terms of which said Hughes rented to said Weise, from date till May 1, 1861, a certain mill on Bee creek. Among other agreements, Weise covenanted to perform sundry repairs, specified in the agreement, upon the mill; to pay taxes, etc. Failing to commence work within the first six months, the other party was at liberty to annul the contract. Shortly after signing said contract, Weise took possession of the leased premises. Soon afterward he assigned his interest in the leasehold to Philip Gerner, defendant, who, in consideration of said assignment, undertook and promised to fulfill all the covenants and conditions embraced in said contract, in the room and stead of said Weise.

Hughes being dead, this action was brought by Weise to the use of his executors, Walker and others, against Gerner, for failure to comply with the covenants contained in the lease.

Other facts pertinent to the case appear sufficiently in the opinion of the court.

*Woodson, Vinyard & Young*, for plaintiff in error.

I. Weise had the right to bring the suit as he did. The contract was made with him by Gerner, and when Gerner violated the contract Weise had the undoubted right to maintain a suit against him, and whether he brought the suit for his own benefit or for the benefit of some one else is a matter that is of no earthly consequence to any one except Weise. If he was not a trustee of an express trust, the statement in the petition "to the use of Walker and Rixey" is at most surplusage, and does not vitiate the pleading; if wrong, it might upon motion have been stricken out. (Beattie v. Lett, 28 Mo. 596; Webb v. Morgan, 14 Mo. 428.)

*John Doniphan*, for defendant in error.

I. There was no interest in Weise which authorized him to sue. Suit must be brought by the parties in interest. (Gen. Stat. 1865, p. 651, § 2.) Weise was not the party in interest as plaintiff, and could not be until he had suffered a recovery against him or had been rendered liable by action on the part of

the lessor. If Weise assigned his lease to Gerner by consent of Hughes, Weise was relieved of all further liability, and had no interest, and cannot maintain suit.

FAGG, Judge, delivered the opinion of the court.

This suit was commenced in the Platte Circuit Court, where there was a verdict and judgment for the plaintiff. An appeal was taken to the Fifth District Court, where the judgment was reversed and the cause remanded. The case now comes to this court upon a writ of error, prosecuted by the plaintiff below. If it were necessary to review the entire proceedings in the Circuit Court for the purpose of correcting all the errors manifest upon the face of the record, there would be no difficulty in pointing out many objections that ought not to be permitted to stand. That which goes to the root of the whole case, however, and is sufficient to defeat any recovery by the plaintiff, is all that need be considered. The petition discloses the fact that the suit was instituted to recover damages for a failure on the part of Gerner, the assignee of Weise, to comply with the covenants contained in a lease of certain property by the testator Hughes to Weise.

The answer of Gerner denies the right of the plaintiff to bring the suit to the use of the executors of Hughes; alleges the death of Weise, as well as the fact that the real parties in interest were not made parties plaintiff; and pleads to the merits of the action by averring a compliance in all respects with the terms and obligations of the lease. The question as to the proper parties to the suit was also raised by motion in arrest of judgment. The written lease which is alleged to have been transferred by assignment to the defendant Gerner is set out in full in the petition. The lessor, M. M. Hughes, deceased, executed the same for himself, and also as guardian for certain minors therein named, who were joint owners of the property with him. The petition does not show that the interest of these minors in the property in question had ever been extinguished. They must, therefore, be considered necessary parties in any suit growing out of this transaction. The provisions of the statute on this subject

are plain and simple. (Gen. Stat. 1865, chap. 161, § 2.) It is manifest upon the facts stated that if any cause of action had accrued against the defendant Gerner, it ought to have been brought in the names of the executors themselves, joined with such other persons as could be shown to have an interest directly in the recovery sought for. They alone are to be considered as the real parties in interest within the meaning of the statute, and the action should have been prosecuted in their names only.

Weise, having assigned the lease and thereby transferred his entire term to Gerner, had no interest in the matter such as to authorize him to institute this suit. There are no facts stated in the petition that would authorize a recovery in his own right against the defendant, and much less in his name to the use of the real parties in interest or any of them.

With the concurrence of Judge Wagner, the judgment of the District Court will be affirmed and the cause remanded to the Circuit Court.