WILLIAM KINSELLA v. J. C. SHARP, ADMINIS-
TRATOR.

FILED MARCH 18, 1896. No. 6307.

1. **Party in Interest.** The real party in interest, under section 29 of the Code of Civil Procedure, is the person entitled to the avails of the suit.

2. **Sales: GIFTS: CONVERSION: PARTIES.** Except as against his creditors, one may sell his property for a nominal consideration or give it away; and if he does either, his vendee or donee is the real party in interest in a suit for the conversion of such property.

3. **Action Against Sheriff: DAMAGES: EVIDENCE.** Evidence examined, and *held* wholly insufficient to sustain the verdict of the jury.

ERROR from the district court of Douglas county.  Tried below before SCOTT, J.

*E. C. Page,* for plaintiff in error.

References: *Cooper v. Reynolds,* 10 Wall. [U. S.], 308; *Pennoyer v. Neff,* 95 U. S., 714; *Sherman v. Hogland,* 54 Ind., 578; *Albertoli v. Branham,* 80 Cal., 631; *Wake v. Griffin,* 9 Neb., 47; *Ahlman v. Meyer,* 19 Neb., 66; *Dunbier v. Day,* 12 Neb., 596.

*Joel W. West* and *Hall & McCulloch, contra.*

RAGAN, C.

In July, 1890, one Herman Deiss brought an action in the district court of Douglas county against the Western Dry House & Construction Company, and caused an attachment to be issued and levied upon certain personal property as the property of the construction company.  Subsequently, William Kinsella brought this action in replevin for the attached property against the sheriff of Douglas county, but failing to give the bond required by statute, the property was returned to the sheriff and by him disposed of to satisfy the judgment rendered in the attachment suit of Deiss.  Kinsella's action proceeded against the sheriff as one for damages.  The sheriff died pending the action and it was revived against Sharp, his administrator, who had a verdict and judgment, to reverse which Kinsella prosecutes to this court a petition in error.

The first assignment of error argued is that the verdict is not supported by sufficient evidence.  After as patient and careful an examination of the record as we are capable of making we have

reached the conclusion that this assignment of error must be sustained. There is absolutely no evidence in the record that will support this verdict. One point insisted on before the jury by defendant in error, and submitted to them, was that Kinsella was not the real party in interest; and counsel for the defendant in error now insist that the general finding of the jury includes a finding that Kinsella was not the real party in interest, and that such finding is sustained by sufficient evidence. If the jury reached the conclusion it did by finding that Kinsella was not the real party in interest, the verdict still lacks evidence to support it. The undisputed evidence in this record is that at the time Deiss attached the property in controversy, and long prior to that time, one George Hinchliff was the owner of and in the possession of the property attached. After the attachment suit was brought Hinchliff sold this property to Kinsella. Both Hinchliff and Kinsella testified as to the sale made by the former to the latter of the property in controversy and the consideration paid for it, and their evidence is uncontradicted. Counsel for the defendant in error contend that the jury was justified in believing that Kinsella did not pay Hinchliff any consideration for the property, notwithstanding the evidence. We do not think the jury would have been justified in any such a course, as the evidence stood undisputed; but the sheriff in this action occupies precisely the position that Deiss himself would occupy had he been sued for the conversion of this property; and since Deiss was not a creditor of Hinchliff, it is no concern of the sheriff whether Kinsella paid a valuable consideration to Hinchliff for the property or not. As

the property attached was Hinchliff's property, he had a right, except as against his creditors, to sell the property for a nominal consideration to Kinsella or to give it to him, and if he did either, Kinsella was the real party in interest. The real party in interest, under section 29 of the Code of Civil Procedure, is the person entitled to the avails of the suit. (*Hoagland v. Van Etten,* 22 Neb., 681.) The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.