## HOLLISTER V. HUBBARD *et al.*

Under Comp. Laws, § 4870, providing that every action shall be prosecuted in the name of the real party in interest, an action for breach of a sheriff's bond, payable to the county, must be brought in the name of the party in interest, and not in name of the county for use of such party.

(Opinion filed April 4, 1899.)

Appeal from Minnehaha county court. Hon. WILLIAM A. WILKES, Judge.

Action by F. H. Hollister against C. W. Hubbard, Thomas H. Brown, John W. Tuthill, Porter P. Peck, and C. C. Carpenter, to recover upon a bond. From a judgment for defendants, plaintiff appeals. Reversed.

*Rochford & McMahon,* for appellant.

The plaintiff was the real party in interest. The action should thereupon be prosecuted in his name although it is upon an official bond which runs to the county. Comp. Laws, § 4870.

*Bailey & Voorhees* and *Aikens & Judge,* for respondents.

Under the laws of South Dakota an action upon a sheriff's bond cannot be brought in the name of an individual, but must be brought in the name of the county, "for the use" of the party beneficially interested § 1373, Comp. Laws; Murfree on Official Bonds, §§ 475, 481; Carmichael v. Moore, 88 N. C. 39; People v. Norton, 9 N. Y. 176; § 10, Chap. 10, Law of 1887.

FULLER, J. In this action by a private person against a sheriff and the sureties on his bond, given to the county as required by statute, a breach of official duty is alleged in the

complaint, resulting, it is claimed, in damage to plaintiff; and the only point he presents, on appeal from a judgment entered in accordance with a verdict directed for defendants is whether an action upon a sheriff's bond must always be brought in the name of the county, for the use of the party beneficially interested, instead of being instituted in the name of the merely real party in interest.

While the statute requires that the sheriff's official bond shall be in form given to the county, as a mere matter of expediency, it is designed to protect the public, whose servant he is, and indemnify each person that may be injured by his default or misconduct in office. By becoming the nominal obligee, pursuant to statute, the county assumes no liability for costs, or other responsibility in connection with a suit of this character, and no reason exists for requiring it to be made a party. With certain exceptions, not essentially applicable here, Section 4870 of the Compiled Laws, provides that "every action must be prosecuted in the name of the real party in interest," and the only logical doctrine adducible therefrom is that the county need never be made a party plaintiff, unless injured, or in some manner entitled to something that may be recovered upon the bond. Thus, the Nebraska court holds: "In an action by a private person for a breach of the conditions of the official bond of a county officer, the county is not a necessary party, even where a reformation of the bond is part of the relief sought." Stewart v. Carter, 4 Neb. 564. To the same effect, upon principle, see: Rogers v. Gosnell, 51 Mo. 466; Taaffe v. Rosenthal, 7 Cal. 515; People v. Holmes, 5 Wend. 190; Kollock v. Parcher, 52 Wis. 393, 9 N, W. 67; Construction Co. v. McClay (Neb.) 74 N. W. 1063. From 3 Enc. Pl. & Prac.

at page 640, we quote: ''Under the Codes of Practice, which prescribe that the real party in interest must be the plaintiff, the obligee need not sue if he is not entitled to the beneficial interest in the bond; the party for whose benefit the bond is executed, whether the obligee or some other person, must sue thereon.'' Concluding that the county is not a necessary party plaintiff, we reverse the judgment appealed from, and remand the case for new trial.