## STINCHCOMB et al. v. PATTESON.

No. 7476—Opinion Filed Sept. 11, 1917.

(167 Pac. 619.)

**Parties—Necessary Parties.**

All parties who are united in interest as parties plaintiff in the subject-matter of the litigation must be joined as plaintiffs, unless the consent of one who should have been joined cannot be obtained, in which event he may be made defendant; the reason therefore being stated in the petition.

(Syllabus by West, C.)

Error from District Court, Oklahoma County; R. McMillan, Assigned Judge.

Suit by G. E. Patteson, doing business as G. E. Patteson & Co., against L. Stinchcomb and R. E. Robey, doing business as the Stinchcomb Grain Company. Judgment for plaintiff, and defendants bring error. Reversed, with instructions.

Everest & Campbell, for plaintiffs in error.
Keaton, Wells & Johnston, for defendant in error.

Opinion by WEST, C. This suit was instituted in the district court of Oklahoma county by G. E. Patteson, doing business as G. E. Patteson & Co., against L. Stinchcomb and R. E. Robey, doing business as the Stinchcomb Grain Company. The petition contains three causes of action stated in separate counts. In the first count, plaintiff sought to recover overcharges included in draft attached to bill of lading on cars of alfalfa hay sent shippers order by defendants to the plaintiff at Memphis, Tenn., and in the second and third counts for damages on acount of the failure of defendants to fulfill certain contracts for delivery of alfalfa hay at Memphis, Tenn. Cause went to trial to a jury on the 23d day of December, 1914, and on the 24th day of December, 1914, a general verdict was rendered in favor of plaintiff and against defendants for the sum of $633.73. Plaintiffs in error, defendants below, prosecute this appeal against defendant in error, plaintiff below, to review this verdict and judgment entered thereon. For convenience the parties will be designated as they were below. This cause was submitted and an opinion delivered in the case by the court in September, 1916, reversing said cause on account of the admission by the trial court of incompetent evidence offered to establish plaintiff's first cause of action. Plaintiff then filed a remittitur as to first cause of action and petition for rehearing, which remittitur was allowed and petition for rehearing granted, and cause is now to be considered on errors assigned applying to second and third causes of action stated in plaintiff's petition. Suit was brought by G. E. Patteson, alleging that he was a sole trader doing business under the name of G. E. Patteson & Co., and in his reply to the answer filed by defendants, plaintiff designated himself in the same manner as in the petition. During the trial of the case plaintiff, G. E. Patteson, testified that G. E. Patteson & Co. was a firm composed of G. E. Patteson and John R. Pepper, and at the conclusion of the evidence, defendants interposed a demurrer on the ground that plaintiff had failed to make out a case for the reason that there was a defect of parties plaintiff, and that the suit had not been brought in the name of the real parties in interest. This contention was urged by defendants in a motion for judgment notwithstanding the verdict and motion for new trial and the action of the trial court in failing to sustain this contention of the defendants is complained of here.

Sections 4681, 4690, 4691, and 4692, Rev. Laws 1910, are as follows:

"4681. Plaintiff to be Party in Interest. Every action must be prosecuted in the

name of the real party in interest, except as otherwise provided in this article; but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract."

"4690. Joinder of Parties Plaintiff. All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article.

"4691. Joinder of Parties Defendant. Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein.

"4692. All Interest to be Joined. Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff cannot be obtained. he may be made a defendant, the reason being stated in the petition."

In the case of St. Louis & San Francisco Railway Co. v. Webb, 36 Okla. 235, 128 Pac. 252. the second paragraph of the syllabus is as follows:

"Parties Plaintiffs — Who must Join. — Where two parties have a joint interest in property, they must join in an action for injuries to such property."

In the body of the opinion the court uses the following language:

"Persons who have a joint interest must sue jointly for an injury to such interest. Joint owners of property must unite as plaintiffs in one action for an injury thereto or for a conversion thereof."

In case of Jackson et al. v. McGilbray, 46 Okla. 208, 148 Pac. 703, the court in the second paragraph of the syllabus lays down the following rule:

"Plaintiff in a suit in ejectment is not 'the real party in interest,' as intended by section 4681, Rev. Laws 1910, unless he is a party who may be benefited or injured by the judgment in the case."

In the body of the opinion the court uses the following language:

"It is provided by statute (Rev. Laws 1910 § 4681): 'Every action must be prosecuted in the name of the real party in interest. * * *' The real party in interest is the party who is to be benefited or injured by the judgment in the case. Stewart v. Price, 64 Kan. 191,.67 Pac 553, 64 L. R. A. 581; Bliss on Code Pleadings, sec. 45; Kinsella v. Sharp, 47 Neb. 664. 66 N. W. 634; Lampkin v. M. & O. R. Co., 146 Ky. 514. 142 S. W 1037; Hoagland v. Van Etten, 22 Neb. 681. 35 N. W. 869, affirmed on rehearing in 23 Neb. 462, 36 N. W. 755; Simpson v. Miller, 7 Cal. App. 248, 94 Pac. 252; Swift v. Ellsworth. 10 Ind. 205, 71 Am. Dec. 316; Bostwick v.

Bryant, 113 Ind 448, 459, 16 N. E. 378, 383; Grimes v. Cannell, 23 Neb. 187, 36 N. W. 479. In Pomeroy's Code Rem. sec. 76, it is stated: 'It is no longer, consistently with the provisions of the Codes, possible for one person to sue "to the use of" another, as was common in some states. The parties beneficially interested must themselves bring the action.' Brady v. Chandler, 31 Mo. 28; Weise v. Gerner, 42 Mo. 527; Van Doren v. Relfe, 20 Mo. 455; Lytle v. Lytle, 2 Metc. (Ky.) 127, 128; State v. Johnson, 52 Ind. 197; Shane v. Francis, 30 Ind. 92; Hollister v. Hubbard, 11 S. D. 461, 78 N. W. 949; Guernsey v. Tuthill, 12 S. D. 584. 82 N. W. 190; Fry v. Bank of Illinois, 10 Ill. (5 Gilman) 332."

In Words and Phrases, Second Series, vol. 4, page 132, a "real party in interest" is defined as follows:

"The test of whether one is the real party in suit is, Does he satisfy the call for the person who has the right to control and receive the fruits of the litigation? The rule is stated in a recent ably written work thus: 'The real party in interest, within the meaning of the provision of the Code, is the person who will be entitled to the benefits of the action if successful; one who is actually and substantially interested in the subject-matter, as distinguished from one who has only a nominal, formal, or technical interest in or connection with it.' Gross v. Heckert, 120 Wis. 314. 97 N. W. 952, 954."

, In case of Niblo v. Drainage Dist No. 3 et al., 58 Okla. 639, 160 Pac. 468, the court in the second paragraph of the syllabus, lays down the following rule:

" 'Defect of parties' means too few and not too many parties, and hence is not synonymous with 'misjoinder of parties.' which means an excess of parties."

In the body of the opinion the court uses the following language:

" 'Defect of parties,' under our statute is a ground for demurrer. 'Defect of parties' means too few and not too many parties, and hence is not synonymous with 'misjoinder of parties, which means an excess of parties. 31 Cyc. 294. Therefore the defect in the instant case was failure to join the drainage commissioner as defendant, without which plaintiff could not prosecute her action."

In case of Atchison, T. & S. F. Ry. Co. v. Hucklebridge, from the Supreme Court of Kansas, handed down March 9, 1901, 62 Kan. 506, 64 Pac. p. 58, second paragraph of the syllabus is as follows:

"Civ. Code, § 91, which requires defects in petitions other than those which appear on their face, and other than those of jurisdiction and in statements of fact to be set up by answer, does not apply to a petition by a partner who conceals the fact of part-

nership, and wrongfully brings suit in his own name for an injury to the partnership property. In such case the defendant, if ignorant of the partnership until disclosed upon the trial, may then raise the objection without the amendment to his answer."

In the body of the opinion the court uses the following language:

"It would appear from the record that the fact of Nichols' partnership relation was not known to the plaintiff in error, the defendant below, until it was disclosed at the trial on his cross-examination. No objection upon the ground of a defect of parties plaintiff was then made. It was first made upon demurrer to plaintiff's evidence. It was afterwards raised upon requests for instructions. A majority of the court are of the opinion that it was properly raised by the defendant, and that the adverse rulings of the court upon the demurrer to the evidence and the proffered instructions are sufficient grounds upon which to predicate the claim of error. It is true that Civ. Code, § 91, declares that, if the objections to a petition do not appear on its face, they must be made by answer, and, if not made in that way, will be deemed waived, excepting objections to the jurisdiction of the court and the sufficiency of the facts stated to constitute a cause of action; but that provision applies to defects in the petition known to the defendant in time to plead them before the making up of the issues in the case, and not to defects concealed by the plaintiff, and discovered on the trial by the defendant. In the latter instance there is no opportunity to plead the discovered defect except by way of amendment to be allowed in the discretion of the court. The plaintiff, having concealed the real fact, and thus misled his adversary, cannot object that the defendant's answer lacks a disclosure of the facts which he himself should have been the first to plead. He will be deemed to have waived the formal pleading of that by the defendant which he himself should have been the first to disclose, and he cannot object that the defendant takes the only available means to protect himself against the false petition."

It would therefore appear that under our Code that suits must be prosecuted by the real parties in interest and that where two parties have a joint interest in property, they must join in the action for the recovery of injuries to such property unless relieved of this requirement by the exceptions to section 4681, supra, and the instant case does not come within such exceptions.

There was no way for the defendants to reach this defect of parties plaintiff except in the manner in which they attempted to do so, for the reason that the knowledge as to who constituted Patterson & Co., was peculiarly to the plaintiff, G. E. Patteson,

and he had withheld this in his petition and reply, and it was only made known by his testimony while upon the stand.

It is contended at some length by learned counsel for plaintiff that under the rule announced in M., O. & G. Ry. Co. v. Collins, 47 Okla. 761, 150 Pac. 142, and cases cited, amendments of pleading which might have been made below on motion, to correspond with the proof, will, in the Supreme Court, be deemed to have been made. We do not know of any case construing a statute like or similar to section 4681, supra, that recognizes such practice; that is, where the appellate court will consider the pleadings amended so as to substitute additional necessary parties plaintiff. If the plaintiff in the court below had asked leave to substitute additional parties plaintiff during the trial of the case, and this had been permitted by the court, we do not believe that it would have been error, unless it could have been shown to prejudice defendants, but this was not done.

As to who were the proper parties plaintiff in the instant case was peculiarly within the knowledge of the plaintiff, G. E. Patteson, and for some reason this information was withheld in the pleadings filed, and no attempt made in the trial of the case below to substitute the necessary additional party plaintiff, and now upon appeal the plaintiff asks this court to consider the pleadings amended. As stated, we are unable to find any law that would uphold this contention of the plaintiffs. Plaintiff in his brief filed cites several cases where a partner may sue for a breach of the contract made by him in his own name which had been made for the benefit of the firm, but in the instant case the contract was not made with G. E. Patteson, but the correspondence and exhibits attached to the case-made clearly indicate that the contract sued on by plaintiff was entered into by Patteson & Co., on the one hand, and the Stinchcomb Grain Company on the other. If Patteson had made the contract with the defendants in the name of G. E. Patteson and the defendants had not known Patteson & Co. in the transaction, then, under the authorities cited by defendants in their brief, plaintiff certainly could maintain this suit in his own name, but where the transaction was had with the firm, we know of no case sustaining the contention of the defendants, that one partner can bring a suit in his own name for damages on account of a breach of contract made by the firm. It is our opinion that to hold in the instant case that plaintiff under the circumstances

could prosecute this suit would in effect destroy the plain statutory provision of section 4681, Rev. Laws 1910, supra.

If one partner can bring a suit for a partnership composed of two members, then he can bring a suit where there are a dozen, and if one party who has an interest in the subject-matter of a litigation can litigate for all parties interested, then the provision of the statute, supra, which provides that the action must be prosecuted in the name of the real parties in interest, is meaningless, nugatory, and void.

Inasmuch as this suit is not prosecuted in the name of the real parties in interest, and this matter was called to the attention of the court below before cause was submitted to the jury, and in motion for judgment notwithstanding the verdict, and in motion for new trial, we feel that this cause must, of necessity, be reversed; and it is so ordered, with instructions to the lower court to proceed with said cause not in conflict with this opinion.

By the Court: It is so ordered.