**REYNOLDS et ux. v. SCHMIDT et al.**

No. 14180—Opinion Filed July 31, 1923.

Rehearing Denied Oct. 23, 1923.

**1. Parties—Joinder—Proper Party Plaintiff.**

A proper party plaintiff is one who has an interest in the subject-matter of the action, and is interested in the relief demanded.

**2. Same—Improper Plaintiff—Dismissal.**

One who has no interest in the subject-matter of the action, or who is not interested in the relief demanded, is not a proper party plaintiff. And where a party is named as plaintiff and the pleadings show that such party has no interest in the subject-matter of the action, or no interest in the relief demanded, it is not error for the court to dismiss the petition as to such party.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by Delphia Reynolds and Joe Reynolds against Harry E. Schmidt, W. R. Pincham, J. M. Durkee, O. J. Pharaoh, Henry Ferguson, and Josey Oil Company, a corporation. Judgment of the district court dismissing the petition as to the plaintiff Joe Reynolds. Plaintiffs brings error. Appeal dismissed as to Delphia Reynolds.

Lewis C. Lawson and T. H. Wren, for plaintiffs in error.

Wright, Huddleston & Stephenson, Phillips & Douglass, J. B. Patterson, and Simpson, Hummer & Foster, for defendants in error.

Opinion by SHACKELFORD, C. Plaintiffs, Delphia Reynolds and Joe Reynolds, commenced this action in the district court of Okfuskee county, Okla., by filing their petition on the 7th day of March, 1922, making Harry E. Schmidt, Henry Ferguson, W. R. Pincham, J. M. Durkee, O. J. Pharaoh, and Josey Oil Company, a corporation, defendants.

In due course several of the defendants appeared and filed their separate demurrers and motions to dismiss as to plaintiff Joe Reynolds.

On the 20th day of November, 1922, these demurrers were heard by the court and sustained against the plaintiff Joe Reynolds, and thereafter an amended petition was filed by the plaintiffs on the 27th day of November, 1922.

On the 2nd day of December, 1922, the Josey Oil Company filed its demurrer to the amended petition and its motion to strike the amended petition as to Joe Reynolds and moved to dismiss the original and the amended petitions in so far as they related to the plaintiff Joe Reynolds.

On the 20th day of December, 1922, the other defendants, except Harry E. Schmidt, filed their motion to dismiss the petition as to Joe Reynolds for the reason that there was a misjoinder of parties plaintiff

and that Joe Reynolds was not a proper party plaintiff.

On the 5th day of January, 1923, defendant Harry E. Schmidt filed a special demurrer to the amended petition on the ground that the petition shows on its face that Joe Reynolds is not interested in the subject-matter of the action and that the petition does not state facts sufficient to constitute a cause of action in favor of Joe Reynolds and against the demurring defendant, and moved the dismissal of the petition.

On the 5th day of March, 1923, these several demurrers and motions to dismiss were heard before the court, and were sustained as against the plaintiff Joe Reynolds, and the petition was ordered dismissed as to him, and the motions and demurrers were overruled as to the plaintiff Delphia Reynolds.

From the order of the court dismissing the petition as to the plaintiff Joe Reynolds, both plaintiffs prosecute this appeal.

The sole question to be decided in this case is whether Joe Reynolds is a proper party plaintiff in the case as filed in the district court. If he is not a proper party the ruling of the court below was correct and the judgment of dismissal as to Joe Reynolds should be affirmed. If he is a proper party plaintiff, then the court below was in error and the judgment must be reversed and the court ordered and directed to reinstate Joe Reynolds as a party plaintiff.

For the purpose of determining the question to be decided it will be necessary to examine the petition, or the parts thereof pertinent to a determination of this issue.

It is alleged in the petition that Joe Reynolds and Delphia Reynolds are husband and wife. The subject-matter of the action is an undivided one-fourth interest in a certain Indian allotment located in Okfuskee county, Okla. It is therefore alleged that the land of which this undivided interest is a part was allotted to the heirs of Lemuel McCoy, who was the son of Delphia Reynolds, and who died in about the year 1901, and allotment deeds were issued subsequent to the death of the allottee. It is alleged that Lemuel McCoy died in his infancy and left his mother, now Delphia Reynolds, his sole heir at law. It is further alleged that the plaitntiff Delphia Reynolds is now the owner of the said undivided one-fourth interest in the Lemuel McCoy allotment. It is further alleged that a certain instrument purporting upon its face to be a warranty deed( dated

November 16, 1908, and acknowledged on the 19th day of November, 1908, and appearing to have been signed by the plaintiffs Joe Reynolds and Delphia Reynolds, conveying the undivided one-fourth interest in the said allotment to one D. A. Hill and now of record in Okfuskee county in Book D-3 at page 621, is a forgery and was never in fact signed, acknowledged, and delivered by the said Joe Reynolds and Delphia Reynolds to the said D. A. Hill, but "that the said purported warranty deed is a forgery, false, fraudulent, and a slander against the title of said owner of said undivided one-fourth interest in and to said land." That the said D. A. Hill in turn sold the said interest, and his grantee thereafter made a conveyance and on and on for quite a chain of conveyences, all of which are attacked for the reason that the original deed purporting to convey to D. A. Hill was a forgery. And there appears the further allegation, in substance and effect, that the plaintiffs are not now in possession but that the defendants or some of them are in possession of the property and are wrongfully excluding the owner therefrom and have been withholding the possession of the lands for a series of years and that the reasonable rental value of the land claimed by Delphia Reynolds is the sum of $100 per year for grazing purposes. The petition is of great length, but the matters stated are the things relied upon by the plaintiffs to make the plaintiff Joe Reynolds a proper party.

The relief sought in the order prayed in the petition is: (1) Cancellation of instruments, including the purported deed to D. A. Hill and the chain of instruments following it. (2) Possession of the property for the owner (Delphia Reynolds) of an undivided one-fourth interest in the Lemuel McCoy allotment. (3) Judgment in the sum of $1,000 for the plaintiff Delphia Reynolds for rents and profits on the said undivided interest in said allotment. (4) For the appointment of a receiver for said lands, issues, rents, and profits arising and to arise from said lands, for costs and all proper relief.

As we read the petition it does not claim that the plaintiff Joe Reynolds has any interest whatever in the subject-matter of the action, to wit, the undivided one-fourth interest in the Lemuel McCoy allotment and the accrued and accruing rents and profits arising therefrom. It does not appear from the petition that on the day the purported warranty deed was made to D.

A. Hill, to wit, the 16th day of November, 1908, the plaintiff Joe Reynolds had any interest in the land. It is not alleged that the property was at any time the homestead property of Delphia Reynolds and Joe Reynolds. The petition, in effect, alleges affirmatively that the property has been at all times since the death of Lemuel McCoy the property of the plaintiff Delphia Deynolds. It does not appear that Joe Reynolds had any interest whatever in the Lemuel McCoy allotment at the time he joined Delphia Reynolds in making the deed to D. A. Hill, even if the instrument was in fact executed by the Reynolds people. Signing by Joe Reynolds added no value whatever to the deed as a conveyance, since he owned no interest in the property.

It is not contended, in fact, that Joe Reynolds ever at any time owned any interest in the property or that he now has any interest therein, or that he is entitled to any of the relief asked except as to the cancellation of the purported warranty deed made to D. A. Hill.

Plaintiffs contend that, since it appears that Joe Reynolds and Delphia Reynolds joined in the purported warranty deed to D. A. Hill, Joe Reynolds becomes a proper party plaintiff in the suit to cancel such deed so as to relieve him of the obligation of warranty therein contained.

This action is brought primarily for the purpose of determining the ownership and right to the possession and for the possession of the undivided one-fourth interest in the Lemuel McCoy allotment. These things being determined in favor of Delphia Reynolds, all the other relief demanded follows as a matter of course. And the one single question to be determined for the purpose of arriving at a correct conclusion as to whether Delphia Reynolds is the owner, is, Did she sign and acknowledge the deed to D. A. Hill? It makes no difference whether Joe Reynolds signed the deed or not. If Delphia Reynolds executed the deed, it passed the title; if she did not, it did not pass the title, whatever Joe Reynolds may have done about it. Nor can Joe Reynolds be in any way interested in the relief sought. If the deed made to D. A. Hill is found to be a forgery and it and the series of deeds following are all canceled, there is no benefit whatever passes to Joe Reynolds. They are canceled as a cloud upon the title of Delphia Reynolds, and the relief is to her alone without any reference to Joe Reynolds. As to any liability upon the warranty, an analysis

of the matter would appear like this: If both Joe and Delphia Reynolds executed the deed, then the title passed because the deed was executed by Delphia Reynolds, and there would be no liability upon the warranty of Joe Reynolds. If the deed was not executed by either of them, then it is a forgery as to both and the title remains in Delphia Reynolds and there would be no liability upon the warranty of Joe Reynolds. If the deed was not executed by Delphia Reynolds, but was executed by Joe Reynolds, then the title did not pass and still remains in Delphia Reynolds, and liability might arise upon the warranty of Joe Reynolds, but in such case the interests of Delphia Reynolds and Joe Reynolds are inconsistent and antagonistic. Delphia Reynolds would be interested in establishing the forgery for the purpose of recovering the property, while Joe Reynolds would be interested along with the defendants to show that the deed is a valid deed for the purpose of protecting his warranty.

There is no view that can be taken of this case that can make Joe Reynolds in any way directly interested with Delphia Reynolds in the relief sought by her. The fact that Joe Reynolds is the husband of Delphia Reynolds is not enough. She is the exclusive owner of her separate property where there is no question of homestead involved.

In the matter of the prosecution of suits in Oklahoma, the statutes control as to the parties who may prosecute them. It is provided, Comp. Stat. 1921, sec. 209:

"Plaintiff to be Party in Interest. Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article; but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract."

And it is further provided, Comp. Stat. 1921, sec. 218:

"Joinder of Parties Plaintiff. All persons having an interest in the subject of the action and in obtaining the relief demanded, may be joined as plaintiffs except as otherwise provided in this article."

It appears that in determining who shall be plaintiffs there are two things required: (1) Having an interest in the subject of the action; and (2) having an interest in obtaining the relief demanded. In this case Joe Reynolds does not qualify under either condition. The petition shows that he has no interest in the subject of the action, and it further shows that he is not

directly interested in the relief demanded. The relief sought is to remove a cloud upon the title of Delphia Reynolds to certain property. There is no benefit whatever passing to Joe Reynolds when this is accomplished. The property will remain the separate property of Delphia Reynolds when she accomplishes her purpose in bringing this action.

In Clark v. Holmes, 31 Okla. 164, 120 Pac. 642, this court laid down a rule as to who could maintain an action to quiet title:

"Quieting Title—Who May Maintain Action. A person who has no interest in the title to real estate cannot maintain an action to remove a cloud upon the title to such real estate."

In Jackson et al. v. McGilbray, 46 Okla. 208, 148 Pac. 703, this court held:

"Plaintiff in a suit in ejectment is not a real party in interested as intended by section 4681, R. L. 1910 (same as sec. 218, Comp. Stat. 1921), unless he is a party who may be benefited or injured by the judgment in the case."

In Stinchcomb et al. v. Patterson, 66 Okla. 80, 167 Pac. 619, this court quoted the definition from Words and Phrases to "real party in interest" as follows:

"The test of whether one is the real party in suit is, Does he satisfy the call for the person who has the right to control and receive the fruits of the litigation? The rule is stated in a recent ably written work thus: 'The real party in interest within the meaning of the provision of the code, is the person who will be entitled to the benefits of the action if successful; one who is actually and substantially interested in the subject-matter, as distinguished from one who has only a nominal, formal, or technical interest in or connection with it.'"

See, also, to like effect, Miller v. Grayson et al., 64 Okla. 122, 166 Pac. 1077; Starr v. Thompson, 80 Okla. 223, 195 Pac. 758.

It is nowhere contended that Joe Reynolds falls within the exceptions in either one of the sections of the Oklahoma statute above quoted.

We have carefully considered the contentions made by the plaintiffs in error, and the authorities cited by them, and are of the opinion that Joe Reynolds has no interest in the subject-matter of the action nor in the relief to be obtained, and is not a proper party plaintiff in the action as brought in the district court of Okfuskee county, and that the court did not err in dismissing the petition of the plaintiffs as to Joe Reynolds.

It seems that Delphia Reynolds was joined with Joe Reynolds in prosecuting this appeal, and we find that she was in no wise prejudiced in any of her rights by the judgment of the court, from which this appeal was taken, and that she is in no wise interested with Joe Reynolds in the appeal, and therefore this appeal is dismissed as to Delphia Reynolds.

We recommend that the judgment of the court below be affirmed as to Joe Reynolds.

By the Court: It is so ordered.