## REYNOLDS v. SCHMIDT et al.

No. 15985—Opinion Filed Oct. 27, 1925.

Rehearing Denied June 22, 1926.

**1. Appeal and Error—Discretion of Trial Court—Trial Amendment of Petition.**

The refusal of the court in the trial of this cause, on the record, to permit the plaintiff, when the case was called for trial, to amend her petition, so as to change the action from ejectment on the ground of a forged deed to an action in equity, wherein it was sought to charge the procurement of the deed by fraud, does not constitute such abuse of discretion as ought to work a reversal of the ruling of the court.

**2. Judgment Sustained.**

Record examined; held, to support the judgment of the court in favor of the defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by Delphia Reynolds against Harry E. Schmidt et al. Judgment for defendants, and plaintiff appeals. Affirmed.

Lewis C. Lawson and T. H. Wren, for plaintiff in error.

J. C. Wright and Martin L. Frerichs, for defendant in error Harry E. Schmidt.

J. B. Patterson, for defendant in error Josey Oil Company.

Phillips, Douglas & Duling, for defendant in error Ethel Ferguson.

Opinion by STEPHENSON, C. Delphia

Reynolds and Joe Deynolds commenced their action in the district court of Okfuskee county, on March 7, 1922, against E. Schmidt and others, for possession of an undivided one- ourth interest in and to the lands described in the petition. The plaintiffs allege that the records of Okfuskee county showed that Delphia Reynolds purported to have executed and delivered to one D. A. Hill, on November 16, 1908, a deed to the undivided one-fourth interest in question; that the plaintiff Delphia Reynolds did not execute the deed, and that the same was a forgery; that D. A. Hill was in fact a fictitious person and never existed, except for the purpose of being named as grantee in the forged deed. Then followed allegations setting forth acts, which showed that the defendants held and claimed the undivided interest by mesne conveyances.

The defendants filed demurrer to the petition on the ground that the petition did not state facts sufficient to constitute a cause of action in favor of Joe Reynolds, and against the defendants. The court sustained the demurrer to the petition, and Joe Reynolds appealed the cause against Harry Schmidt et al., to this court, which was affirmed. The appeal is reported in 93 Okla. 33, 219 Pac. 405. After the disposal of the appeal of Joe Reynolds, this case was set down for trial on June 2, 1924. The plaintiff in error filed her motion for permission to amend her petition on that date. The case was reached for trial on June 3, 1924. at which time the plaintiff presented her motion for permission to amend her petition so as to charge in substance:

(1) That for some time prior to the date of the execution of the Hill deed, and on that date. the plaintiff was incapable of understanding the nature of the purported transaction: that she could not read or write the English language: that she was unacquainted with business affairs, and especially transactions of sales and conveyances of real estate; that she was not acquainted with real estate values, and did not know the value of her estate in and to the said land.

(2) That all of her business affairs had been managed and handled by her husband on and prior to November, 1908, and had been conducted for her by her husband, Joe Reynolds. and that she had relied upon him to inform her as to various matters relating to any and all transactions about her land.

(3) That if any conveyance of her interest in said land was presented to her for execution, as may be inferred from said purported deed to the said fictitious person, D. A. Hill, it was done through her said husband, and that she acted upon such information as was furnished to her by her said husband.

(4) That the plaintiff did not understand said transaction and was incapable of giving her consent for the execution of said purported deed, by the signing of her name thereto by some other person.

The court denied the plaintiff leave to make the amendment to her petition as tendered in the motion. Thereupon a jury was empaneled, and the cause proceeded to trial. The plaintiff testified that she remembered that an instrument was presented to her for her signature in November, 1908; that she relied upon the advice of her husband in re'ation to handling matters o. business pertaining to her estate. The court confined the plaintiff to the introduction of such evidence as was competent in the trial of the issues made upon the question of forgery. The plaintiff offered evidence which was refused by the court over the exception of the plaintiff. which would have been proper. if the petition had been amended as the plaintiff offered to do. At the close of the trial. the court instructed the jury to return a verdict for the defendants. The plaintiff has perfected her appeal to this court, and assigns several of the proceedings had in the trial of the cause as error for reversal here. If the court did not err in refusing to permit the amendment. this will make it unnecessary to review other errors assigned by the plaintiff. The court made the following statement in connection with his ruling on the motion of plaintiff for leave to amend her petition:

"Let the record also show that the original petition was filed in this court and has been pending since the 7th day of March, 1922 and that the case has repeatedly, since the issues were joined. been on the trial docket of this court and stricken from time to time upon the requests of the plaintiffs because of the absence of Judge T. H. Wren, of counsel for the plaintiffs. in attendance upon the sessions of the Legislature. and that the defendants had at all times been asking for a trial. and the court is of the opinion. under the record as it stands. that the amendment to said amended petition is without merit. and for that reason denied the right to file said amendment. The court is of the opinion that if the plaintiff's condition in 1908. at the time of the transaction complained of. was such as her counsel now seeks to impress upon the court, that certainly could have been ascertained long ere

this by the exercise of even the most limited diligence, and that if her condition is the same now as it is alleged by them it was then, that the proper competency proceedings should have been instituted against her in the proper court."

An attorney's contract was entered into between Lewis C. Lawson and W. T. Banks, about the time the suit was filed. The contract discloses that W. T. Banks signed the name of plaintiff to the contract at her request and in her presence. Lewis C. Lawson and W. T. Banks witnessed the, signature of plaintiff to the contract.

A motion for leave to file an amended petition, presented to the court at the time the cause is reached upon its regular assignment for trial, is addressed to the sound discretion of the court. The refusal of the court to permit the amendment, or its order allowing the amendment, will not be treated on appeal as such error as will operate to cause the reversal of the cause, unless the record makes it apparent that there has been an abuse of discretion in the ruling. Dill v. Malot, 66 Okla. 74, 167 Pac. 219; McKenzie v. Anadarko, 72 Okla. 90, 178 Pac. 483; Jantzen v. Emanuel German Baptist Church, 27 Okla. 473, 112 Pac. 1127, Ann. Cas. 1912 C, 659.

Judge Wren, who took the lead in the trial of the cause below, made the point in offering the amendment that he had not had the opportunity of seeing or talking with the plaintiff until she came to his office for the trial of the cause on June 2, 1924. He further stated that the plaintiff was mentally incapable of appreciating and understanding her acts. Lewis C. Lawson, who appears on the brief, was one of the attorneys who appeared for plaintiff in the commencement of the litigation. The amendment offered, if it had been allowed, would have changed the action from that of ejectment, based upon a forged deed, to that of an action in equity for the cancellation of the deed, based upon fraud in its procurement. The amendment if it had been allowed would have been a departure from fact to fact, and from law to law. The filing of the first action did not arrest the running of the statute of limitation against the action tendered by the proffered amendment. The judgment which was reached in the trial of this cause on the issue as made cannot affect plaintiff's right to maintain the equitable action, any more than the proceedings already had in the action would have at the time the amendment was tendered.

We think the record does not show such

an abuse of discretion in refusing the proffered amendment as ought to cause the reversal of the judgment.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 800, § 2757. (2) 4 C. J. p. 1129, § 3122.