NELSON v. GARRETT et al.

No. 33097.   Nov. 30, 1948.

*200 P. 2d 420.*

O. H. Whitt, of McAlester, for plaintiff in error.

J. E. Layden, of McAlester, for defendants in error.

PER CURIAM.   This action was commenced by Otis Garrett against Roy M. Nelson for cancellation of a lease and for possession of real estate; for money judgment for rentals allegedly due and unpaid and damages for failure to comply with the terms of the lease contract.

The defendant filed answer to plaintiff's petition admitting the execution of the lease and denying plaintiff's claim for rentals and damages. The defendant alleged purchase of the lands in controversy from the plaintiff and through an agent of the plaintiff at a date prior to the execution of the lease; that he had been unable to procure delivery of a proper deed from plaintiff; that since said date of purchase he had been the owner of the premises. Defendant prayed that his title and right to possession be quieted and confirmed as against the plaintiff.

The cause came on for trial upon the issues presented by the pleadings. A jury was impaneled and sworn to try the cause. After statements of counsel concerning the evidence to be presented, the trial court discharged the jury. The plaintiff was sworn as a witness. The execution of the lease was admitted. Plaintiff testified that some of the rentals provided by the terms of the lease had been paid. On cross-examination plaintiff was asked if he owned the lands involved in this action and plaintiff stated that it was owned in the family. Counsel for plaintiff then stated to the court that the record title to the lands was in plaintiff's son and was in the plaintiff's son before the lawsuit commenced.

Defendant presented testimony to the effect that he had purchased the property from the plaintiff and that the lease was executed as a device to pro-

tect him in his possession of the premises pending the securing of a proper instrument of conveyance from plaintiff.

After both parties announced the close of their presentation of evidence in the case, the trial court announced that he would hear them on the questions of law in the case at some later date.

These trial proceedings were held on June 15, 1945. On January 18, 1946, the defendant filed a motion to dismiss the action based on plaintiff's admission that he was not the owner of the lands involved. On October 17, 1946, the defendant filed a motion to make William Garrett a party plaintiff, asserting that plaintiff had executed a warranty deed to the lands involved to William Garrett (plaintiff's son) before the action was commenced. On October 19, 1946, the plaintiff filed motion to strike the defendant's motion asserting that such pleadings were filed long after the case had been tried and submitted to the court for judgment, and that such pleadings were filed by the defendant without leave of the court.

On November 13, 1946, the parties appeared before the trial court. The trial judge inquired if there were any further arguments. After some discussion counsel for plaintiff announced that plaintiff was not seeking judgment for rentals, but was seeking judgment only for cancellation of the lease. The trial court refused at the time to pass on the defendant's motion to dismiss, but on said date sustained defendant's motion to make William Garrett a party to the suit.

On November 16, 1946, William Garrett filed a pleading in the case asserting ownership of the property involved and alleging title under warranty deed from the plaintiff Otis Garrett executed at a date prior to the execution of the lease involved and that said deed was recorded after the lease had been executed. William Garrett alleged that the defendant had not paid any of the rentals due under the lease contract involved and denied defendant's claim of ownership of the property. The prayer of this pleading was that the lease contract be canceled and that title to the premises be decreed in and quieted in the said William Garrett.

On November 19, 1946, the defendant filed answer to the petition of William Garrett denying the claims of ownership of William Garrett and asserted defendant's ownership as alleged in his first answer, and prayed judgment that title to the lands involved be quieted in the defendant.

On December 19, 1946, all parties appeared before the trial court. The trial court, after hearing argument, overruled the defendant's motion to dismiss and entered judgment decreeing that title to the lands involved be quieted in the plaintiff William Garrett, and that the plaintiffs, Otis Garrett and William Garrett, recover judgment against the defendant for cancellation of the lease and for possession of the premises. The defendant brings appeal.

Several assignments of error are presented, one being that the court erred in overruling defendant's motion to dismiss; the others have reference to the conduct of the trial proceedings had in June, 1945, and the judgment entered and based thereon.

It is provided by 12 O. S. 1941 §221, that every action must be prosecuted in the name of the real party in interest, with certain exceptions noted.

In an early case in this court, Shock et al. v. Fish, 45 Okla. 12, 144 P. 584, it was held:

"In a suit in equity to cancel a certain conveyance and to quiet title to land, the uncontroverted evidence shows that plaintiff had conveyed all his right, title and interest in the land to a third party prior to the institution of this suit. Held, the trial court should have dismissed plaintiff's petition."

In Starr v. Thompson et al., 80 Okla. 223, 195 P. 758, in the second paragraph of the syllabus, it was said:

"In an action to recover possession of land, where the undisputed proof shows that plaintiff, prior to filing of his suit, had conveyed his interest in said land, the plaintiff, not being the real party in interest, cannot maintain his suit."

As above noted, at the close of the trial held on June 15, 1945, the plaintiff had admitted that title to the lands involved rested in another. The plaintiff had made no showing of an interest in the cancellations of the lease, the relief he had demanded, and under the proof the defendant's cross-action to quiet title as against the plaintiff was without substance. It would thus appear that the trial court might have properly dismissed the action as of said date, except for the pleadings subsequently filed.

The defendant's motion filed subsequent to the close of the evidence and prior to any ruling or judgment by the trial court, the one to dismiss the action and the other to make another party, a party plaintiff, are inconsistent. If the one be sustained and the action thus ended, the motion to make another a party plaintiff could not be entertained. On the other hand, if another party be brought in, the action should not be dismissed without permitting such party an opportunity to present his claims and resist contrary claims.

William Garrett was made a party plaintiff at the request of the defendant and the said William Garrett promptly filed a pleading in the action asserting a claim of ownership of the premises and denying the claims of the defendant, and prayed for relief against the defendant. The defendant filed answer to the last mentioned pleading denying that William Garrett is owner of the premises and asserted ownership and right of possession in himself and prayed for relief against the claims

of the said William Garrett. Clearly, under such circumstances, it was not error to overrule defendant's motion to dismiss and it does not appear that the plaintiff Otis Garrett has any cause to complain that his motion to strike was not sustained.

It is provided by 12 O. S. 1941 §230, that all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs.

As was said in the first paragraph of the syllabus in Reynolds et ux. v. Schmidt et al., 93 Okla. 33, 219 P. 405:

"A proper party plaintiff is one who has an interest in the subject-matter of the action, and is interested in the relief demanded."

In the second paragraph of the syllabus it was said:

"One who has no interest in the subject-matter of the action, or who is not interested in the relief demanded, is not a proper party plaintiff. And where a party is named as plaintiff and the pleadings show that such party has no interest in the subject-matter of the action, or no interest in the relief demanded, it is not error for the court to dismiss the petition as to such party."

Under the admissions made by the plaintiff Otis Garrett in the trial proceedings on June 15, 1945, he was without interest in the cancellation of the lease, and if it be said that he was not a proper party plaintiff, nevertheless the action should not now be dismissed, since William Garrett was made a party plaintiff and the pleadings filed thereafter show that he has an interest in the subject matter of the action and in the relief demanded. A dismissal of the action as to Otis Garrett after William Garrett was made a party would not affect a dismissal of the entire action.

After William Garrett had filed a petition and the defendant had answered, issues of fact were drawn between these parties upon which there had been no testimony binding upon William Gar-

rett. The record does not reflect that these parties ever adopted the trial proceedings held in June, 1945, or that there was at any time a trial of the issues at between these parties. In the absence of a trial of the issues as between these parties, the trial court was without power to render judgment for or against either of the parties upon such issues.

It is unnecessary to comment on the specifications of error which have reference to the trial proceedings conducted in June, 1945.

For the reasons stated the judgment is vacated. The cause is remanded, with directions to the trial court to proceed in the pending action consistent with the views herein expressed.

HURST, C. J., DAVISON, V. C. J., and RILEY, BAYLESS, CORN, GIBSON, and LUTTRELL, JJ., concur.