DUNDEE REALTY COMPANY, APPELLEE, V. ISAAC S. LEAVITT, APPELLANT.

FILED OCTOBER 22, 1910.    No. 16,093.

1. **Vendor and Purchaser: BONA FIDE PURCHASER.** A purchaser of real estate from one who has already sold and conveyed the same to another, whose deed is not recorded, cannot hold the land as an innocent purchaser unless he was at the time of his purchase without notice, actual or constructive, of the rights of the prior purchaser.

2. ———: ———: BURDEN OF PROOF. The burden of proof is upon the party who alleges that he purchased without notice.

3. ———: ———: EVIDENCE. The plaintiff purchased a lot in Omaha, and failed to record his deed, but took possession and caused the grade to be lowered by removing large quantities of soil therefrom at an expense of nearly $200. Afterwards the defendant purchased the lot at about one-half of its value from the same grantor, and caused his deed to be recorded. The defendant

made no inquiry as to the rights of plaintiff. *Held,* That defendant is chargeable with constructive notice of plaintiff's rights in the lot, and is not an innocent purchaser without notice.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*H. P. Leavitt,* for appellant.

*McGilton, Gaines & Smith, contra.*

SEDGWICK, J.

The plaintiff and defendant both derive their claims to the real estate in question through one Miles Moore; the plaintiff through an unrecorded contract of purchase and alleged possession and improvement of the property, and the defendant through a warranty deed duly recorded. The defendant claims to be an innocent purchaser without notice of plaintiff's rights. The trial court found against him, and he has appealed.

1. The first question requiring consideration relates to the burden of proof in such cases. Many courts have held that when one party produces a warranty deed, which recites full consideration and has been duly recorded, the burden is upon the prior purchaser with an unrecorded title to prove notice or circumstances equivalent to notice. Indeed, it would appear from the note to *Anthony v. Wheeler,* 17 Am. St. Rep. 281, 288 (130 Ill. 128), and authorities there cited, that this rule is almost universal, although the court of appeals of Texas has held otherwise, and the courts of Alabama, California, Iowa, Missouri, and some decisions in the state of New York have to some extent modified the rule. Our own decisions have placed the burden of maintaining this issue upon the party who alleges that he purchased the property without notice of outstanding claims.

In *Bowman v. Griffith,* 35 Neb. 361, the third paragraph of the syllabus states the law as follows: "Where a claim

to real estate can be sustained only upon the ground that the person asserting it is a subsequent purchaser in good faith, such person is required to show affirmatively that he purchased without notice of the equities of another, and relying upon the apparent ownership of his grantor." And in the body of the opinion it is said: "The burden was upon him and he was bound to prove both payment in ignorance of defendant's equities and that he relied upon the title of his grantor." To support this proposition decisions are cited from Iowa, Michigan and New York. The defendant argues that these statements of the court are dicta merely, and says in his brief that the rule thus stated is undoubtedly correct, but that "the question as to whether the plaintiff would not have sustained his burden of proof and made a *prima facie* case if he had shown the purchase and payment of the consideration, after having examined and relied upon the record title appearing in his grantor," was not involved in the case. This language concedes that the burden of proof was upon the party who alleges that he purchased without notice of outstanding equities, and assumes that that burden is sustained by making the proof suggested in the above quotation from the brief. The above holding in *Bowman v. Griffith* is referred to with approval in *Baldwin v. Burt,* 43 Neb. 245, and *Phœnix Mutual Life Ins. Co. v. Brown,* 37 Neb. 705, and is expressly approved in *Pfund v. Valley Loan & Trust Co.,* 52 Neb. 473. It may be that some of the cases holding a contrary doctrine can be distinguished on account of the legislation upon this subject in those jurisdictions. Our statute provides that deeds and other instruments not recorded "shall be adjudged void as to all creditors and subsequent purchasers without notice whose deeds, mortgages and other instruments shall be first recorded." It would seem that one who expects to bring his claim within this statute should allege and prove all of the statutory requirements, including that he was without notice of the outstanding deed. This requires him to allege and prove a negative, and undoubt-

edly the ordinary rule would obtain as to the sufficiency of the proof offered to make a *prima facie* case, and as to the necessity of the opposing party to produce such evidence as was in his possession or under his control; but, when the evidence upon this point is all before the court or jury, there must be a preponderance in favor of the party alleging purchase without notice, or the issue cannot be found in his favor.

2. The plaintiff alleges that the defendant had actual notice of the plaintiff's interest in the land, and also that the plaintiff had taken such possession and made such improvements upon the land as to give constructive notice to any one who attempted to deal with it. Mr. George, who is principally interested in the plaintiff company, testified positively that he told the defendant, prior to the defendant's purchase, that he, George, had a contract for the land and was improving it for his company. The defendant as positively denies these statements. It has, however, been universally held that actual personal notice is not indispensable. The plaintiff purchased the land at an agreed price of $300, $100 of which was paid at the time of purchase. The plaintiff soon afterwards took possession of the land, which is a lot in Dundee Place, in the city of Omaha, and made a contract with a grading firm to grade this lot, together with various other lots owned by the plaintiff. These lots were graded under this contract, and the soil was removed from the lot in question to about the depth of 2 feet. The defendant was familiar with these lots, and knew that this grading was being done, including the grading upon the lot in question. He saw Mr. George while the grading was being done, and admits that he asked no questions in regard to the ownership of the lots, nor whether the parties grading it were doing so in their own right as owners or for some other person. The grading of this lot cost the plaintiff something over $180. There is no other evidence in the record as to the real value of the lot than that plaintiff contracted to pay $300 for the lot before it was graded, and

expended nearly $200 in grading it. After this grading was done, the defendant bought the lot of Mr. Moore for $250, obtained his deed, and placed it upon record. He says that soon after that he had a conversation with Mr. George, in which Mr. George told him that the plaintiff was the owner of the lot, and he made no denial of that fact. He thought, he says, that he would permit Mr. George to find out who was the owner when he examined the record. Mr. George, as above stated, testifies that this conversation took place before the date of the purchase by the defendant.

The defendant insists that this grading of the lot was not such an act of possession as required him to make any inquiry in regard to the rights of the parties who were doing the grading or procuring it to be done. He insists that the same parties were grading other lots at the same time that did not belong to them nor to this plaintiff, and that he had the right to assume that Mr. Moore still owned the lot and was procuring this grading to be done. We think the defendant is wrong in this position. When he saw unequivocal acts of ownership being exercised over the property, he was under obligations to inquire who was thus assuming to be the owner of the property, and under such circumstances he could not presume without inquiry that Mr. Moore was expending about $200 in improving the lot, and immediately thereafter would sell to him for $250 a lot that before the improvement was worth $300. If the defendant was innocent in the transaction, his neglect to follow up the inquiry so plainly suggested by the circumstances will bring the loss, if any, upon him, rather than upon the plaintiff, who was at least equally innocent.

The judgment of the district court is

AFFIRMED.