BERTHA POLENSKE, APPELLANT, v. ADOLPH POLENSKE, APPELLEE.

FILED JANUARY 26, 1922. No. 21491.

1. **Landlord and Tenant: LESSEE IN POSSESSION: CLAIM OF TITLE.** As a general rule, before a lessee may dispute his lessor's title and claim title in himself, he must yield possession of the leased premises.

2. **Decision Limited.** The proposition of law set forth in the fifth paragraph of the syllabus in *Stone v. Blanchard*, 87 Neb. 1, explained and limited.

APPEAL from the district court for Madison county: WILLIAM V. ALLEN, JUDGE. *Reversed.*

*M. B. Foster,* for appellant.

*Willis E. Reed* and *William L. Dowling, contra.*

Heard before LETTON, DAY and DEAN, JJ., CORCORAN and GOSS, District Judges.

LETTON, J.

Plaintiff began an action in forcible entry and detainer in the justice court against the defendant to recover possession of 160 acres of land. She complains that on or about March 8, 1917, she leased the premises to defendant for the term of one year, which period has elapsed, but the defendant unlawfully and forcibly retains possession. Defendant did not enter a plea of guilty or not guilty, but, instead, filed a somewhat lengthy answer setting up an oral contract with his father, who then owned the land, which was consented to by plaintiff, his mother, that if defendant would pay to his father during his lifetime, and after his death to his mother, the sum of $200 a year, or such further sums as might be necessary for their support, or that of his widow, in proportion to payments by the other children, he would devise the land to defendant. He pleads that he has carried out and is willing to carry out the requirements of the contract; that he went into possession of the land under this agreement 14 years ago; that he has made lasting and valuable improvements upon the premises; and that plaintiff carried out this agreement until 1918. He admits that he executed the written lease, but alleges it was made to satisfy plaintiff's caprice, and was not intended to discharge or satisfy the oral agreement. The county court found for the plaintiff and rendered judgment accordingly. Defendant appealed to the district court, where substantially the same answer was filed, and evidence was taken. At the conclusion of the evidence both parties moved for a directed verdict. The court discharged the jury and, after consideration, found: "That in good faith defendant, Adolph Polenske, at the commencement of this action, was holding said premises in such a manner that a question of title has been raised ousting this court in this proceeding of jurisdiction to proceed further in the case." The action was then dismissed at plaintiff's cost. Plaintiff appeals.

The evidence shows that the farm was the family home

of the father and mother of defendant; that during the father's lifetime he made arrangements with his children to take over separate tracts of land; each of the children was to pay the sum of $200 a year, or such sum as might be necessary for support to their parents, who then removed to Madison, Nebraska, where the father died in 1907; that defendant entered into possession of the premises in 1904. Defendant paid $200 a year until March, 1916, when his mother desired a greater income. He then signed a lease and agreed to pay, and did pay, $250 a year. In March 1917, a new lease was executed in which the rent was fixed at $400 for that year. At the expiration of the latter lease the plaintiff desired to raise the rent to $700 a year, when defendant refused to execute another lease, but offered to continue to pay $400. This action was brought after this refusal.

The father executed a will in which he attempted to distribute his property equally among all his children. By this will he left all his property to his wife for life; the will devised the remainder in separate tracts of his real estate to designated sons and daughters, charged with such money payments as would seem to equalize the distribution. The remainder in the land in controversy was devised to defendant, subject to a payment of $1,000 to one of his sisters. No mention is made in the will of any annual payments to be made, or of any interest in the land other than the remainder.

Several assignments of error are made, but the essence of plaintiff's contention is that the court erred in permitting the defendant to introduce evidence of title and right of possession in himself, without impeaching the lease for fraud, misrepresentation, mistake, or otherwise; and, further, that the lease operated as a complete estoppel against defendant to dispute his landlord's title.

The rule is that a tenant under a lease is estopped from disputing his landlord's title while still in possession of the leased premises, but that he may show that the lease was obtained by fraud, mistake, or duress, and

is therefore void. There is a well-recognized exception to the rule, under which the decision in the case of *Bowman v. Goodrich*, 94 Neb. 696, falls, that, where the landlord's title has been declared to be insufficient by the judgment or decree of a court, or his title has been lost by virtue of a sale under such judgment or decree, the tenant may attorn to the then owner of the paramount title, and may set up such title and attornment as a defense to the action by his lessor.

In *Stone v. Blanchard*, 87 Neb. 1, the fifth paragraph of the syllabus is as follows: "If title to real estate is sought to be recovered or drawn in question in an action of forcible entry and detainer, questions of estoppel affecting the right of defendant to assert such title, cannot be decided by the justice of the peace."

That case was not a controversy between a landlord and tenant. As applied to the issues and facts in that case the statement is correct, but the holding is too broad and should be limited to cases of forcible entry and detainer not involving the relation of landlord and tenant which are authorized by the statute, for otherwise a gross injustice might be perpetrated. For instance, one who leases land to another may have been in possession for years under a title, somewhat defective if questioned by a third party claiming an interest in the property, but good as against his tenant, and yet, if the tenant were not estopped to dispute his title and the lessor was compelled to bring an action in ejectment in order to oust him, it might be impossible for the lessor to maintain the action. In such an action he must recover on the strength of his own title, and not on account of defects in that of the occupant, and the lack of strict legal proof of heirship, or of the execution of a deed in his chain of title, might allow a wrongdoer to hold possession indefinitely.

If one who is already in possession accepts a lease from a third party, the presumption is that he is yielding the possession which he held under claim of right, and

taking possession and holding it thereafter under and by virtue of the lease.

The courts are divided upon the question whether, if the possession is not obtained by virtue of the lease, a tenant may question his landlord's title, but the majority hold that even in such cases the general rule applies. A collection of the cases may be found in a note to *Stevenson v. Rogers*, (103 Tex. 169) Ann. Cas. 1912D, 101. See, also, 16 R. C. L. 659, sec. 146.

Where it is clear that the lessee executed the lease, a justice of the peace may determine all questions as to whether the lessee is wrongfully holding over his term, either by expiration of the term by nonpayment of rent, or by any other breach of the contract which may render his possession unlawful. If the lessee asserts a *bona fide* claim of title, he may still litigate it in the proper forum after he has yielded possession to the lessor. He is not entitled to occupy the inconsistent position of being the owner of the land and at the same time the tenant of another owner.

Defendant complied with the terms of the leases which required payment of a different sum of money as rent from that which he had formerly paid, and it was only when rent was raised a third time that he refused to pay and asserted title. It is shown that he had made improvements on the land. Since he is the owner of the remainder any fixtures made a part of the realty eventually inure to his benefit. Such as are personal property he is entitled to remove. Furthermore, a court of equity is open to protect his rights, whatever they may be.

Under the admited facts, the justice had power to determine whether he was guilty of holding over his term. The judgment of the district court is

REVERSED.