### FLANNAGAN et al. v. DICKERSON.

No. 12605—Opinion Filed Oct. 7, 1924.

1. **Landlord and Tenant—Possession by Tenant—Working on Premises in Possession of Prior Tenant.**

A leasee working on the leased premises on the first day of his term, does not thereby obtain possession, where the premises are in the rightful possession of a prior tenant.

2. **Same—"Surrender of Premises by Operation of Law."**

The rule of law as now settled by recently adjudicated cases, is that any acts which are equivalent to an agreement on the part of the tenant to abandon, and on the part of the landlord to resume the possession of the demised premises, amount to a surrender by operation of law. The rule may be safely said to be that a surrender is created by operation of law, when the parties to a lease do some act so inconsistent with the subsisting relation of landlord and tenant as to imply that they have both agreed to consider the surrender as made.

3. **Forcible Entry and Detainer — Parties Plaintiff—Landlord and Tenant.**

In an action for unlawful detainer, the landlord, although before bringing such action he has rented the premises to another, is the proper party plaintiff.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, McClain County; W. L. Eagleton, Judge.

Action by Robert R. Dickerson, against Streeter Flannagan and others. Judgment for plaintiff, and defendants bring error. Affirmed.

Ben Franklin and L. T. Cook, for plaintiffs in error.

C. G. Moore and Blanton, Osborn & Curtis, for defendant in error.

Opinion by JONES, C. This action was originally instituted in a justice of peace court, in McClain county, Okla., by the appellee, plaintiff in the lower court, against the appellants, defendants in the lower court, for the possession of certain real estate. The cause was tried in the justice court to a jury and a verdict returned in favor of the plaintiff and against the defendants, whereupon the defendants appealed to the district court of McClain county, Okla., where same was tried on the 18th day of February, 1921, resulting in the return of a verdict in favor of the plaintiff and against said defendants, for the recovery and possession of said premises. Motion for a new trial was filed and overruled and judgment rendered by the court in conformity to the verdict of the jury, whereupon the defendants appeal to this court.

The facts as disclosed by the record show that L. D. Dickerson, as father and next friend of Robert R. Dickerson, a minor, rented the land in controversy, being the allotment of said minor, to Streeter Flannagan for the year of 1918, and in July of that year the said L. D. Dickerson entered into a written contract, wherein he rented same to one J. M. Waters for the year of 1919. About January 2, 1919, the said Waters attempted to take charge of the land preparatory to cultivating same, pursuant to his rental contract, but the said Flannagan interfered and refused to deliver up the possession to the said Waters, and contended that he had re-rented the land for the year 1919; whereupon the said Waters filed an injunction suit in the district court of McClain county, seeking to restrain the said Flannagan from interfering with said Waters taking possession of said land. A temporary restraining order was granted in the early part of January, 1919, restraining Flannagan from interfering with the possession of Waters, and on final hearing of said injunction proceedings, on March 19, 1919, the same was dissolved and the possession of the land was restored to the said Flannagan. At this stage of the proceedings, Waters abandoned all further efforts to obtain possession of said land, and rented other lands from the said L. D. Dickerson for the year 1919; and thereafter this suit was instituted for possession by the appellee, Dickerson, resulting in judgment for plaintiff, as aforesaid, and from which defendants appeal.

The appellants set forth numerous assign-

ments of error, but practically rely upon the proposition that Dickerson could not maintain the action because of the fact that he had rented the farm to Waters for the year 1919, and contend that Waters had gone into possession by reason of the temporary restraining order granted and that he, and not Dickerson, should have brought and maintained this action, but to this contention the court cannot assent.

The evidence discloses that Waters only had a scrambling possession and the court very properly dissolved the temporary restraining order, and refused to grant injunctive relief, because of the fact that Waters was not in the lawful possession, evidently finding that Flannagan had retained and was in lawful possession at the time of the institution of the injunction proceedings. Appellants treat the action as though it was forcible entry and unlawful detainer, when in fact it is an action of unlawful and forcible detention. Had Waters been in the peaceable and lawful possession of the premises at the time of the institution of the injunction proceedings, he would ordinarily have been entitled to injunctive relief, enjoining Flannagan from interfering with his possession; but Flannagan unquestionably was in possession, and was entitled to retain it until lawfully dispossessed, and under these circumstances, we are inclined to the opinion that it was not only the right of the landlord, Dickerson, but his duty to bring the suit and place his prospective tenant, Waters, in possession, if the tenant was still standing on his rental contract and demanding possession, and in the event the tenant had abandoned the contract, as he evidently had done, in this case, then the landlord might bring the action for his own benefit. In either event there is no merit in appellants' contention.

Appellants make some contentions concerning the necessity of the landlord, Dickerson, making conclusive proof of the fact that Waters, the tenant, had withdrawn from and abandoned the rental contract, and while we do not think this necessary, we think, however, the evidence offered was amply sufficient to justify the belief that Waters had abandoned the rental contract. The undisputed evidence shows that he rented other lands, and made no further attempt to gain possession of the land in controversy.

In the case of McFarland v. Lanier, 50 Okla. 336, 150 Pac. 1097, this court in discussing the question of the surrender of a lease said:

"The rule of law, as now settled by recently adjudicated cases, is that any acts which are equivalent to an agreement on the part of the tenant to abandon, and on the part of the landlord to resume the possession of the demised premises amount to a surrender by operation of law. * * *"

"The rule may be safely said to be that a surrender is created, by operation of law, when the parties to a lease do some act so inconsistent with the subsisting relation of landlord and tenant as to imply that they have both agreed to consider the surrender as made."

And on the principal contention involved, that of the right of the landlord to maintain the action, appellees cite the case of Board of Education of Santa Fe v. Astler, 151 Pac. 462, wherein the Supreme Court of New Mexico said:

"In an action for unlawful detainer, the landlord, although before bringing such action, he has rented the premises to another, is the proper party plaintiff."

And in the case of Voss v. Capital City Brewing Co., 96 N. E. 11, 48 Ind. App. 476, the court held:

"A landlord is bound to put his lessee in possession of the premises, and he is liable for damages for failure to do so."

And in the case of Cleveland, C. C. & St. L. Ry. Co. v. Joyce, 103 N. E. 354, 54 Ind. App. 658, it was held:

"A lease from a date specified, implies a covenant on the part of the landlord to oust any person in possession on that date, and deliver possession to the lessee."

The same rule is announced in the case of Miller v. Ready, 59 Ind. App. 195, 108 N. E. 605; Dilley v. Paynesville Land Co., 173 Ia. 536, 155 N. W. 971, and Mattingly's Ex'r v. Brents, 155 Ky. 570, 159 S. W. 1157; Sloan v. Hart, 150 N. C. 269, 63 S. W. 1037; and in the case of Stewart v. Murphy, 95 Kan. 421, 148 Pac. 609, it was held:

"A lessee working upon the leased premises on the first day of his term, does not thereby obtain possession thereof where the premises are in the right possession of a prior tenant."

Appellants further complain of certain instructions requested which the court refused to give, wherein they insist that the jury should have been instructed that it was incumbent upon the plaintiff, appellee herein, to show that the rental contract between appellants and J. M. Waters had been rescinded for a valuable consideration prior to the institution of this suit, and insist that this was a necessary prerequisite to the right of Dickerson to maintain the ac-

tion, which is the same question which has been heretofore discussed presented in another 'manner, and in the light of the authorities cited, we see no merit in such contention.

Counsel for appellants filed a reply brief and among other things complain of and call special attention to certain language used by counsel for appellee in the brief filed herein, wherein the veracity of the witnesses of appellants and the good faith of appellants are called in question in the prosecution of this cause, and insist that the language, and that portion of the brief containing same, should be stricken from the files. This is not of vital importance, but to inject such remarks into a legal controversy is entirely unnecessary. From a long and rather extensive experience in the trial of lawsuits, we have frequently found good lawyers honestly differing about the most primary principles of law, and we should be charitable in dealing with our fellow men in matters of this kind, so long as he is operating within the sphere of his legal rights, and knowing the gentlemen who appear as counsel in this case, we feel that the remarks were inadvertently made. Litigation, when long delayed as it has been in this case, more than five years having elapsed since the institution of the suit, becomes vexatious; however, the delay is not chargeable to the appellants, and we would admonish our brother in the spirit and in the language of the meek and lowly Nazarene, "Judge not, that ye be not judged." Matthew 7:1.

The other issues raised being clearly questions of fact, and there being ample evidence to sustain the judgment of the court in every particular, we find no reversible error in the record, and therefore recommend that the judgment of the lower court be affirmed.

By the Court: It is so ordered.