Johnson Oil Refining Company, Appellant, v. Bart Gillam and Vesta Gillam, Appellees.

Gen. No. 8,347.

Opinion filed February 3, 1930.  Modified and refiled April 4, 1930.  Rehearing denied April 4, 1930.

L. E. Murphy, C. W. Flack and Flack & Kernan, for appellant.

George V. Helfrich and Hartzell, Cavanagh & Martin, for appellees.

Mr. Justice Shurtleff delivered the opinion of the court.

This is an action of forcible entry and detainer instituted by appellant before a justice of the peace and tried in the circuit court on appeal.

The only pleading is the complaint of appellant, which alleges that appellees unlawfully withheld possession of the property therein described.

Appellant has its principal office in Chicago and is, among other things, engaged in the sale of gasoline and oil products, and leases real estate for the establishment of filling stations where its products are sold at retail by its agents or employees.

On and prior to September 27, 1926, appellee Bart Gillam owned and was in possession of a certain tract of farm land, about 57 acres, abutting on State Highway 9, 8 miles east of Macomb. On said date he and his wife, the defendant Vesta Gillam, executed a lease demising to appellant a tract 95x136 feet off of the corner of his farm to be used for oil station purposes, said lease to run for a period of 10 years from said date at an annual rental of $120, payable in equal monthly instalments in advance.

The lease contained provisions in reference to certain tank wagon quantity discounts that were to be allowed to appellee on gasoline if he sold gasoline on said premises, and contained the further provision that during the time the tank wagon quantity discount agreement was in force the payment of the rental should be suspended, and if the tank wagon quantity discount agreement should be terminated for any reason, then the rental provision should again become effective.

Section two of said lease as first submitted to appellee Bart Gillam, provided for employment of appellee by appellant to operate the filling station on said demised premises and this was stricken out at the request of appellee and his attorney before the instrument was signed.

Appellee, as a defense to this action, relied upon a verbal agreement entered into between the parties some time following the execution of the lease whereby appellee Bart Gillam was to operate for appellant a filling station on said demised land, selling appellant's gasoline and oil products, the appellant to furnish pumps, tanks, air compressor and appellee to erect a small building thereon. The evidence in this regard does not disclose that the verbal agreement was to continue for any definite, certain period of time. Subsequent to the verbal agreement and the furnishing of said material by appellant and the erection of said building by appellee, appellant furnished paint for the building, signs, and advanced some money for lights and drain tile under driveway, and appellee erected an additional building for dwelling purposes and moved his family into same and occupied it as a residence. Appellee continued to sell appellant's gasoline and oil products and to operate said oil station under said verbal contract until October 1, 1928, at which time a dispute arose between the parties hereto as to said verbal contract, and appellee Bart Gillam quit the employ of appellant on said date and discontinued the sale of appellant's gasoline and oil products but retained possession of the demised land and the equipment placed thereon by appellant and continued the sale of gasoline and oil products furnished by another company.

Appellant served a written notice on appellees demanding possession of said premises after appellees had ceased to handle appellant's products and afterwards instituted suit for possession.

In the circuit court the jury found the defendants not guilty of unlawfully withholding said premises, and the court, after overruling appellant's motion for a new trial, entered judgment on the verdict and for costs.

The lease is under seal and further provides an option by which appellant may purchase the premises at any time prior to the expiration of the lease. The lease also provided that if appellant should employ appellee to sell its gasoline at this station he would be bound by certain conditions and discounts set out in the provisions of the lease. Under the instrument in question, called a lease, appellee was under no obligations, if he did not see fit to do so, to run the oil station and sell the gasoline, but availed himself of that privilege under the terms of the lease. In our opinion he occupied no other position than that of employee or agent of appellant. It is not contended but that appellant carried out all of the covenants and agreements in the lease upon its part to be performed. Any verbal agreements made between the parties in regard to commissions for the sale of gasoline are entirely distinct and independent of the covenants for possession under the terms of the lease, and cannot protect appellee in withholding the possession of the lands from appellant.

Appellant complains of the giving of appellee's tenth instruction as follows:

"The court instructs the jury that before the plaintiff can recover possession of the real estate involved in this suit it must prove, by the greater weight of the evidence, that it was at some time prior to the commencement of this suit, in the actual possession of the real estate described in the complaint, and if the plaintiff has failed to prove by the greater weight of the evidence, that it was, at some time before the commencement of this suit, in the actual possession of the

real estate in question, you should find the defendants not guilty.''

This instruction does not state the law in Illinois and doubtless furnished the jury the incentive to find a verdict for appellees. In *Peters v. Balke,* 170 Ill. 304, 309, it was held:

"The present action of forcible entry and detainer was begun under clause 6 of section 2 of the Forcible Entry and Detainer Act, which is as follows: 'When lands or tenements have been conveyed by any grantor in possession, or sold under the judgment or decree of any court in this State, or by virtue of any sale in any mortgage or deed of trust contained, and the grantor in possession, or party to such judgment or decree or to such mortgage or deed of trust, after the expiration of the time of redemption, when redemption is allowed by law, refuses or neglects to surrender possession thereof after demand in writing by the person entitled thereto, or his agent,' the person entitled to such possession may be restored thereto. (1 Starr & Curtis' Stat. p. 1175.) If there be eliminated from said sixth clause the portion thereof not here applicable, the part applicable to the case at bar is as follows: 'When lands or tenements have been conveyed by any grantor in possession . . . and the grantor in possession . . . refuses or neglects to surrender possession thereof after demand in writing by the person entitled thereto or his agent.'

"It is evident, that the sixth clause contemplates a case where the grantor, having conveyed away land by deed, remains in possession, and refuses to surrender possession to his grantee in accordance with the terms of the deed. It follows, that the introduction of a deed is necessary, in connection with the fact of possession, to show that there was a grantor who conveyed, and a grantee to whom a conveyance was made. Before the addition of clause 6 to section 2 of said act, the remedy, in such a case as the case

at bar, was by action of ejectment. Before the adoption of said clause, an action of forcible entry and detainer could not be brought under the state of facts contemplated by that clause; and deeds were inadmissible upon a trial of such action, except for the purpose of proving the extent of possession or the animus of the entry. In 1861, the legislature extended the benefits of the Forcible Detainer Act to purchasers at judicial sales; in 1874, the benefits of the act were extended to purchasers at sales under powers in mortgages or deeds of trust; in 1881, the legislature further extended the benefits of this remedy to the grantee of land as against the grantor, who refuses to surrender possession. It is plain, that no suit can be maintained, under the portion of clause 6 now under consideration, without the introduction upon the trial of a deed to the lands sought to be recovered. Such deed must be introduced, not merely for the purpose of showing the extent of the possession, but for the purpose of showing the plaintiff's right to the possession. In this action of forcible entry and detainer, the question of title, as between the plaintiff and the defendant or any one else, cannot be tried. As the right to possession only is involved in this action, and as its object is merely to secure possession of the premises in controversy, a judgment therein is not a bar to an action of ejectment between the same parties regarding the same premises. Here the right of possession does not depend upon the title, but upon the existence of the particular facts specified in clause 6, as grounds for the action of forcible entry and detainer. The title can no more be inquired into for any purpose in this action now than it could before the passage of clause 6. But while this is so, plaintiff cannot recover under the statute unless he offers in evidence a deed for the purpose of showing that he is a grantee entitled to possession. Such has been the rul-

ing of this court in a number of cases. (*Kepley v. Luke,* 106 Ill. 395; *Kratz v. Buck,* 111 Ill. 40.)"

The cause was tried, in the admission and rejection of testimony and the instructions to the jury, upon the theory that appellee's instruction number ten stated the law of this State, and it was error. Appellees contend that they had a homestead right in the premises which the lease did not release, and that, therefore, appellant cannot recover in this suit. There can be no freehold involved in this cause before this court, and appellees have waived any such right by not moving that the cause be transferred to the Supreme Court. (*Gillespie v. Fulton Oil & Gas Co.,* 236 Ill. 188, 203.) The lot in question, at the time the lease was executed, was a part of a 58-acre tract, upon which appellees had a dwelling in which they resided, over 30 rods north of said lot. It has been further held that the party relying upon a homestead in a certain tract, must prove its worth, not to exceed the sum of $1,000. *Gillespie v. Fulton Oil & Gas Co., supra.*

It is further contended by appellees that instruction number ten and appellant's refused instructions and errors in the admission of evidence, cannot be considered because the abstract does not state that the instructions given are all of the instructions given by the court, and that neither the abstract nor the record are certified that they contain all of the evidence offered in the case. Appellees do not argue the particular certificate attached to the bill of exceptions. The abstract, after reciting certain evidence submitted on the part of "Plaintiff" states: "And thereupon plaintiff rested its case." And after reciting certain evidence offered on behalf of "defendant" states: "And thereupon the defendants rested their case." This has been held sufficient.

We also find in the abstract: "Thereupon the court at the instance of the 'plaintiff' gave the following

instructions," followed by various instructions includ-
ing the tenth, and a similar statement as to the instruc-
tions for the "defendant." Even if the rule as to in-
structions in the record was not complied with as
completely as it should have been, which we do not
hold, the giving of instruction number ten, as certified
by the abstract and record, was in effect a mandatory
instruction to find for appellees in this cause, which
the giving of other instructions could not have over-
come.

For the errors pointed out the verdict and judgment
of the circuit court of McDonough county are reversed
and the cause remanded for further proceedings not
inconsistent with the views expressed in this opinion.

*Reversed and remanded.*

On motion for rehearing it is contended that the
interest of appellant in the lands, being a leasehold,
which is personal property, citing *Thornton v. Mehr-
ing,* 117 Ill. 55; *Zimmerman v. Dawson,* 294 Ill. 380,
that clause 6 of section 2 of the Forcible Entry and
Detainer Act, Cahill's St. ch. 57, ¶ 2, does not provide
for the bringing of forcible entry and detainer for
the recovery of a leasehold estate in land. Clause 6
provides for a case—"When lands or tenements have
been conveyed by any grantor in possession," etc. It
does not require that the conveyance should cover
a freehold. Under section one of the Conveyance
Act, Cahill's St. ch. 30, ¶ 1, it is made plain that the
term,—"Conveyance" may be applied to any,—"deed,
mortgage or other conveyance in writing,"—and when
signed and sealed by the parties making the same,
. . . "shall be sufficient, without livery of seizin, for
the giving, granting, selling, mortgaging, leasing or
otherwise conveying or transferring any lands," etc.
Under the terms of this section, the word "conveying"
is used synonymously with "leasing," and in clause 6
of section 2 of the Act on Forcible Entry and Detainer,

the term ''Grantor'' includes the term ''Lessor'' and such construction must be placed upon the act, otherwise there would be no remedy for lessees, to secure the possession of lands leased and the landlord in a lease, under no circumstances could be construed to be or called a ''grantor.'' We see no merit in the contentions, and the petition for a rehearing is denied.