GENERAL PETROLEUM CORPORATION OF CALIFORNIA v. BEANBLOSSOM et al.*

No. 6321.

Circuit Court of Appeals, Ninth Circuit.
March 16, 1931.

*Rehearing denied May 11, 1931.

A. L. Weil, of San Francisco, Cal., and Lawrence Bogle, Cassius E. Gates, and Ray Dumett, all of Seattle, Wash. (Bogle, Bogle & Gates, of Seattle, Wash., of counsel), for appellant.

George C. Congdon and John G. Barnes, both of Seattle, Wash., for appellees Beanblossom.

John J. Sullivan and Everett O. Butts, both of Seattle, Wash., for appellees West Coast Petroleum Co. and others.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

RUDKIN, Circuit Judge.

By the terms of an agreement dated May 28, 1928, G. W. Beanblossom and wife leased a gasoline service station at Renton, Wash., to the General Petroleum Corporation of California. The lease, which was for a term of seven years, provided that the lessee would have the exclusive right to the use of the surface and sub-surface of the property for the storage of gasoline and petroleum products, the exclusive right to use the tanks, pumps, and other gasoline and oil dispensing equipment thereon, as well as the exclusive right to install new or additional equipment. The lessee was also granted the exclusive right to paint all buildings, fences, or other structures on the property for the purpose of advertising its name and products. The rental agreed upon was $5 per month and 1 cent per gallon for all gasoline sold from the station. In the event of a breach of any of the provisions of the lease by either party, the agreement was terminable at the option of the other upon ten days' written notice. Contemporaneously with the execution of the lease, the General Petroleum Corporation, by another agreement, appointed the lessors as its agents for the sale of its products from the station, on a consignment basis. This contract was later superseded by a second one, and still later by a third. By the last agreement the agents were granted a commission of 2 cents per gallon for each gallon sold in excess of a certain quantity per month, and the agreement was terminable at the option of either party upon ninety days' written notice.

The present suit was instituted by the lessee against the lessors and others for injunctive relief, the complaint alleging, in substance, that the defendants had placed and caused to be placed in the tanks and containers on the leased premises gasoline other than the gasoline distributed by the plaintiff, and had placed on the gasoline pumps on the premises advertising signs for the purpose of advertising Seaboard gasoline, a brand of gasoline different from that sold by the plaintiff, and of inferior quality; that plaintiff notified defendants that they were violating the terms and provisions of the lease and made demand that they desist therefrom; that the defendant lessors declared that they did not and would not recognize the lease and agency agreement, and threatened to continue to place gasoline other than that distributed by the plaintiff in the tanks and containers on the leased premises, whenever and as often as they desired so to do. The prayer for relief was that the defendants be enjoined during the pendency of the action from placing or depositing in any of the tanks or containers situated on or under the leased premises any gasoline, except gasoline procured from the plaintiff; from interfering in any manner with the use and occupation of the leasehold premises by the plaintiff; from maintaining on the premises, or any part thereof, any signs or advertising matter, except signs advertising the products of the plaintiff, and that upon final hearing the injunction be made permanent, and that the lessors, and each of them, be required to specifically perform the provisions of the lease required of them to be performed. The court below dismissed the complaint on motion, for the reason that the necessary jurisdictional amount or value was not involved, and for the further reason that the plaintiff had an adequate remedy at law.

The object of the suit was to protect property and property rights, and in such cases the jurisdictional test is the value of the right to be protected, and not the amount of

damages which the plaintiff may be able to recover for a violation of that right. Hunt v. New York Cotton Exchange, 205 U. S. 322, 27 S. Ct. 529, 51 L. Ed. 821; Bitterman v. Louisville & Nashville R. R., 207 U. S. 205, 28 S. Ct. 91, 52 L. Ed. 171, 12 Ann. Cas. 693; Board of Trade v. Cella Commission Co. (C. C. A.) 145 F. 28. The jurisdictional averments in this case were a diversity of citizenship, and that the value of the leasehold and leasehold rights, and the matter in controversy, exceeds, exclusive of interest and costs, the sum or value of $3,000. This general averment was, in our opinion, sufficient as against a motion to dismiss.

The relief sought by the appellant was an injunction against a breach of the contract or covenants found in the lease.

"An injunction against the breach of a contract is a negative decree of a specific performance thereof, and the general rule is that the power and duty of a court of equity to grant the former are governed by the same principles, rules, and practice as are its power and duty to grant the latter relief." Hutchinson Gas & Fuel Co. v. Wichita Natural Gas Co. (C. C. A.) 267 F. 35, 38. See, also, Engemoen v. Rea (C. C. A.) 26 F.(2d) 576.

But here we have two contracts and a dual relationship. We have a lease and an agency contract, and we have the relationship of lessor and lessee and the relationship of principal and agent existing between the same parties at the same time. And, while it may be conceded that a court of equity will sometimes enjoin a breach of the covenants contained in a lease, it must likewise be conceded that such a court will not ordinarily enjoin a breach of a contract of employment. The latter will not ordinarily be specifically enforced; and a court will not accomplish the same result by indirection by enjoining a breach. For this reason, doubtless, the appellant relies entirely on a breach of the covenants of the lease, and not on a breach of the agency agreement. We do not think, however, that it should be permitted to thus distinguish between the two relationships. Were the appellant the owner of the gas station, it would hardly be contended that it could enjoin its agents from a misuse of its property, because a discharge of the agents would afford adequate relief. Here, the appellant was not the owner, but it had all the rights of an owner, within the limits of the grant contained in its lease, and it had the same right to repossess itself of the leasehold estate and discharge its agents in possession as an owner would have under like circumstances. The appellant should not therefore be permitted to retain the lessors as agents for the sale of its products and then appeal to a court of equity to restrain their excesses, or keep them within the scope of their employment. Relief which is adequate as against the lessors is equally adequate as against those claiming under them; and there is no question of a continuous trespass in the case.

For these reasons, there was no abuse of discretion in denying the injunction, and the decree is accordingly affirmed.