Nos. 31,802, 31,913

THE PHILLIPS PETROLEUM COMPANY, *Appellee,* v. LEWIS E. SKINNER, *Appellant.*

(36 P. 2d 968)

Opinion filed November 3, 1934.

*James L. Haley,* of Sabetha, and *Byron M. Gray,* of Topeka, for the appellant.

*H. H. Booth* and *J. H. Snyder,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action in forcible detainer. The trial court directed a verdict for plaintiff. Defendant has appealed.

The facts may be stated thus: M. L. Morford owned certain lots in the city of Sabetha, on which he started to build an oil service

station. When the building was about completed he leased it to the Phillips Petroleum Company for a term of three years, beginning April 1, 1931, for one dollar per annum and an amount equal to one cent per gallon on the gasoline sold through the service station, payable monthly. The oil company was to put in equipment for handling petroleum products, with the right to remove them at the termination of the lease, and also had the option of extending the lease for an additional five years by giving notice in writing. This has been done. The lease was in writing, acknowledged by Morford, and duly recorded. On the same day the lease was executed an operator's agreement was entered into in writing between the oil company and Morford by which he agreed to operate the service station and sell or dispense through it gasoline and other petroleum products of the Phillips Petroleum Company only, and for this he was to be paid by the oil company three cents per gallon for gasoline delivered to him for sale through the station and a percentage on other petroleum products. This instrument was not acknowledged or recorded.

In pursuance of these agreements the oil company installed underground storage tanks, gasoline pumps and other equipment at the station. Morford began operating it, and continued to do so until in February, 1933, receiving his rental each month under the lease and his commissions for the sale of gasoline and other petroleum products. He then sold the property to the wife of John Koch, a real-estate dealer in Sabetha, who operated it through a Mr. Carpenter, who had previously worked for Morford, until the latter part of May, 1933, when he sold it to the defendant Skinner. While Koch operated the station he received the rents provided in the lease, and also the commissions set out in the operator's agreement. When Skinner purchased the property, about May 24, 1933, he knew of the lease to the oil company, for he was told about it, and it showed on his abstract. He also knew Carpenter was in charge of the station for Koch, and a few days after he took possession Carpenter showed him the operator's agreement, which was in the files at the station.

Skinner operated the station and received the rents under the lease and the commissions mentioned in the operator's agreement until sometime in July, 1933. At that time the Phillips Petroleum Company asked him to execute a new operator's agreement, which would materially reduce his commissions, and which contained other provisions not in the former one. Skinner refused to do this,

asserted he was occupying the property as owner and was under no obligations to sell the products of the Phillips Petroleum Company. He took that company's equipment out of the station to the grounds of the company's general station at Sabetha. The Phillips Petroleum Company then brought this action. Defendant prevailed before a jury in justice court. Plaintiff appealed to the district court, where there was a trial, with the result previously stated.

Appellant contends the court erred in directing a verdict. We are unable to see in the record any controlling fact which was controverted in the evidence. If we are correct in this, it was proper for the court to direct the verdict. See 26 C. J. 866, and cases there cited. Appellant contends the lease and operator's agreement, executed by Morford, must be construed together as one instrument, and that when plaintiff sought to have a new operator's agreement it necessarily abandoned the old one, and the effect was to set aside the lease. We cannot concur in this view. By the lease plaintiff acquired the right to the use of the premises. It was at liberty to make an operator's agreement with anyone other than Morford. The fact that it made one with him gave Morford, or one holding under him, no more rights than a third person, operating the station under an agreement with plaintiff, would have had. The plaintiff did not in fact terminate the operator's contract; it merely sought to modify it. But if it had terminated that contract, such action would have had no effect on the lease, for the one was not dependent upon the other. (*Shell Petroleum Corp. v. Ford,* 255 Mich. 105, 237 N. W. 378; *General Petroleum Corporation of California v. Beanblossom,* 47 F. 2d 826; *Johnson Oil Refining Co. v. Gillam,* 256 Ill. App. 531; *Standard Oil Co. v. O'Hare,* 122 Neb. 89, 239 N. W. 467; and see, generally, 13 C. J. 561, 563.)

Appellant contends he did not sell plaintiff's products, but bought from plaintiff, paid cash, and sold his own property. This contention lacks merit. The operator's agreement provided the operator should pay for gasoline delivered, at three cents per gallon less than plaintiff's posted retail price. That is what appellant did.

Appellant seeks to make something out of the fact he had purchased the property. But he necessarily purchased subject to the lease, which gave plaintiff the right to possess and to use the property. Much is said in the briefs about whether Morford, Koch and Skinner were agents of plaintiff. The name applied to the relationship is not important. They were there under an agreement

with plaintiff, who had the right of possession by virtue of its lease, and their occupancy and possession of the premises was necessarily for and on behalf of plaintiff. Defendant was in no position to deny plaintiff's right to possession and assert a claim of his possession by reason of his ownership of the property, for such ownership was subject to plaintiff's lease, and its right to possession thereunder.

Appellant argues forcible detainer was not a proper remedy. In view of the lease, the only right defendant had to the possession of the property was under and by virtue of some agreement with plaintiff. Morford made such an agreement, and was succeeded by Koch, and she by defendant. When he denied possession under that agreement and attempted to assert his right to possession under some other claim, plaintiff could regain its possession by an action in forcible detainer.

The judgment of the court below is affirmed.