RUDOLF KOUMA ET AL., APPELLANTS, v. EDWARD J. MURPHY, APPELLEE.

FILED NOVEMBER 15, 1935. No. 29383.

*H. A. Bryant* and *Charles H. Hood*, for appellants.

*J. H. Barry, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Saunders county affirming a judgment entered in a forcible detainer action in the county court of that county for the restitution of certain lands. From the adverse judgment thus entered appellants bring the case to this court for review.

The record shows that on March 6, 1934, Edward J. Murphy, the appellee, filed a complaint in forcible detainer against the appellants, Rudolf and Milada Kouma, alleging that they were unlawfully holding possession of the lands described therein. Appellants entered a plea of not guilty and, as a further defense, affirmatively pleaded the following facts: That on and prior to August 23, 1932, Rudolf Kouma was the owner of the lands in question and occupied the same as his homestead; that the Midwest Life Insurance Company was at the time the owner by assignment of a mortgage of $22,000 on these lands upon which the sum

of $18,000 remained unpaid. The record further shows that interest and taxes had not been paid as required by the mortgage and that, in order to adjust the matter without foreclosure, appellants Rudolf Kouma and Milada Kouma, his wife, executed and delivered a warranty deed to W. W. Putney, the president of the Midwest Life Insurance Company, who in turn leased the premises back to appellants by a written lease to March 1, 1934. It is further shown by the allegations of appellants' answer that on December 22, 1932, appellants again conveyed the premises to Putney by quitclaim deed and at the same time surrendered for cancelation a certain option to repurchase, which had been previously executed and delivered to them by Putney. The record further shows that on January 11, 1933, appellee became the owner in fee of the premises by warranty deed from the Midwest Life Insurance Company, as well as the owner of the lease by assignment from the Midwest Life Insurance Company of its interest, Putney having previously deeded his interest in the lands and assigned his interest in the lease to the Midwest Life Insurance Company. Appellants further admit in their answer the payment of rent to appellee as provided by the lease. Numerous allegations of fraud on the part of the Midwest Life Insurance Company and the appellee in procuring the deeds were also alleged. The county court found against appellants who sued out a petition in error to the district court. The district court also held against the appellants who then appealed to this court.

Appellee contends that the answer contains allegations of fact that entitle him to a judgment on the pleadings.

Appellants contend that the answer filed draws in question the title to the real estate. There can be no question that, if such be the case, the county court was without jurisdiction to try the case. This was so held in the case of Stone v. Blanchard, 87 Neb. 1, the court saying: "Justice courts cannot try actions which involve title to real estate, or in which such title may be drawn in question. This court has frequently been called upon to construe this

statute. No mere claim of title or claim or assertion that title is drawn in question will deprive the justice of power to try and determine the cause. He must ascertain from the evidence whether the action involves or draws in question the title to real estate. Forcible entry and detainer is an action to determine the right of possession, and any competent evidence, whether it be title deeds or other written or oral testimony, tending to show which one of the contending parties is entitled to possession of the disputed property must be considered by the justice. If he can find and determine the right of possession without at the same time determining the rights of the parties, legal or equitable, in the property itself, it cannot be said that the title is drawn in question." The answer of appellants shows that they not only gave two deeds to Putney and the Midwest Life Insurance Company, appellee's predecessors in title, but that they recognized their title by entering into a written lease with them and paying at least a part of the landlord's share of the rent over to them. This court has held that a tenant cannot occupy the inconsistent position of being the owner of the land and at the same time the tenant of another owner. In the case of *Polenske v. Polenske*, 107 Neb. 496, this court said:

"If one who is already in possession accepts a lease from a third party, the presumption is that he is yielding the possession which he held under claim of right, and taking possession and holding it thereafter under and by virtue of the lease.

"The courts are divided upon the question whether, if the possession is not obtained by virtue of the lease, a tenant may question his landlord's title, but the majority hold that even in such cases the general rule applies. A collection of the cases may be found in a note to *Stevenson v. Rogers* (103 Tex. 169) Ann. Cas. 1912D, 101. See, also, 16 R. C. L. 659, sec. 146.

"Where it is clear that the lessee executed the lease, a justice of the peace may determine all questions as to whether the lessee is wrongfully holding over his term,

either by expiration of the term by nonpayment of rent, or by any other breach of the contract which may render his possession unlawful. If the lessee asserts a *bona fide* claim of title, he may still litigate it in the proper forum after he has yielded possession to the lessor. He is not entitled to occupy the inconsistent position of being the owner of the land and at the same time the tenant of another owner."

The appellants, being estopped to deny the title of Putney and the Midwest Life Insurance Company, are also estopped to deny the title of appellee for the reason that appellee is in privity with his predecessors in title. This court so held in the case of *Hackney v. McIninch,* 79 Neb. 128, in the following language: "Estoppel of the tenant to deny the title of his landlord extends to every one in privity with him, and it inures to the benefit of any person to whom the landlord's title may pass, and continues until possession is actually surrendered. Gear, Landlord and Tenant, sec. 165." We therefore conclude that appellants were estopped to deny appellee's title and that appellee was entitled to successfully maintain his suit in forcible detainer as a matter of law.

Appellants also contend that, as appellee had made a new lease of the lands in question commencing on March 1, 1934, he was not the real party in interest and that the new tenant was the proper person to maintain the action. Our court has held to the contrary in the case of *Herpolsheimer v. Christopher,* 76 Neb. 355, on rehearing, wherein the court said: "Ordinarily there is an implied covenant in a lease that the demised premises shall be open to entry by the lessee at the time fixed in the lease as the beginning of the term."

We find no error in the record. The trial court was right in dismissing the petition in error and affirming the judgment of the county court awarding restitution of the premises.

AFFIRMED.