ARCHIE R. GREGORY, APPELLEE, V. CARL PRIBBENO, APPELLANT.

9 N. W. (2d) 485

FILED MAY 7, 1943. No. 31544.

*George B. Hastings* and *Clyde Anderson*, for appellant.

*Henry W. Curtis* and *Charles R. Shopp, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

This is an action for unlawful detention of school-lands. Both the county court and the district court on appeal entered a judgment that plaintiff have restitution of the premises and costs. Defendant appeals to this court contending that without prior possession of the premises plaintiff cannot maintain the action; that plaintiff is not a proper party plaintiff; and that the action will not lie because the question of title is involved. There is no question raised as to the legality of notices to vacate and quit duly served upon defendant.

The evidence is that E. A. Tibbetts, defendant's grandfather, owned school-land leases on the property involved for terms beginning, one January 1, 1925, the other January 1, 1927, and each continuing for twenty-five years thereafter. On October 2, 1940, for valuable consideration, E. A. Tibbetts and B. C. Tibbetts, his duly authorized attorney in fact, jointly made, executed and delivered to plaintiff a written lease of the premises for a term of five years

beginning March 1, 1942. On the same date and in their presence plaintiff signed and accepted the lease. It was never filed of record but defendant at all times, including the day it was executed and delivered, had both constructive and actual notice and knowledge thereof. The lease gave plaintiff the right to go upon the premises to summer fallow and sow wheat in the summer and fall of 1941. With defendant's knowledge, during this period, plaintiff went upon the property, then in defendant's possession, and disced, plowed and rod-weeded a large part of the land.

Defendant went into possession of the land in 1938 as a tenant of E. A. Tibbetts under a 1-year lease and held over to and including 1940. On April 29, 1941, after having notice and knowledge of plaintiff's lease, defendant also obtained a written lease from E. A. Tibbetts for a term from March 1, 1941, to March 1, 1946. It was filed of record May 3, 1941. On August 1, 1941, E. A. Tibbetts for valuable consideration made, executed and delivered to defendant an assignment of all his right, title and interest in and to his school-land leases. Defendant refused to give plaintiff possession on March 1, 1942, and this action resulted.

Under the law prior possession is not necessary to maintain unlawful detainer. Section 21-1401, Comp. St. 1929, provides a remedy in two classes of cases: One where the original entry was forcible or unlawful, and the other where the original entry was lawful but the detention has become unlawful and, in construction of law, forcible. The first provides a remedy for repossession of premises forcibly or unlawfully taken, the second for possession of premises lawfully taken but unlawfully detained. Where the statute makes provision for unlawful detainer the remedy is thereby extended to persons entitled to possession. *Dudley v. Lee*, 39 Ill. 339; *West Side Trust & Savings Bank v. Lopoten*, 358 Ill. 631, 193 N. E. 462; *Post v. Bohner*, 23 Neb. 257, 36 N. W. 508; 22 Am. Jur. 917, sec. 14. Cases relied upon by defendant, holding that a party who has never been in possession cannot maintain the action, apply to forcible entry but they have no application to unlawful detainer.

Defendant's contention that the lessee is not a proper party to maintain the action cannot be sustained. In *Kouma v. Murphy,* 129 Neb. 892, 263 N. W. 211, an unlawful detainer case relied upon by defendant, we held that the lessor who brought the action was a proper party to maintain it by reason of an implied covenant in his lease to deliver possession to the new lessee at the time fixed in the lease as the beginning of the term. The opinion in the *Kouma* case had application only to the facts involved and does not hold that a lessee having a chattel interest in the premises was not also a proper party to maintain the action.

The law is that where land in the possession of a tenant is leased to another there is an implied covenant by the lessor to put the second lessee into possession at the time fixed in the lease and the lessee acquires the right to maintain an action for unlawful detainer, or otherwise, to recover possession from the former tenant in possession but he is not bound to exercise this right. Either the lessor or the lessee is a proper party to maintain the action. See Jones, Landlord and Tenant, sec. 367.

The rule of the Code of Civil Procedure (Comp. St. 1929, sec. 20-301), that every action must be prosecuted in the name of the real party in interest, applies with as much force in forcible entry and unlawful detainer *cases* as in any other. *Towles v. Hamilton,* 94 Neb. 588, 143 N. W. 935. The real party in interest is the person entitled to the avails of the suit. *Kinsella v. Sharp,* 47 Neb. 664, 66 N. W. 634. The contest is limited to the naked right of possession. *Van Sant v. Beuder,* 101 Neb. 680, 164 N. W. 711. A lessee having the right to possession is a proper party to maintain an action for unlawful detainer against any person unlawfully detaining the premises. See 22 Am. Jur. 908, sec. 5, 917, sec. 14, 922, sec. 23; 32 Am. Jur. 853, sec. 1019; 26 C. J. 831, 836; 36 C. J. 632-634; 16 R. C. L. 1183, sec. 706; *Cooper v. Gordon,* 37 N. Dak. 247, 164 N. W. 21; *Dudley v. Lee,* 39 Ill. 339; *Phillips Petroleum Co. v. Skinner,* 140 Kan. 413, 36 Pac. (2d) 968; *Brown v. Feagins,* 37 Neb. 256, 55 N. W. 1048.

The evidence discloses that there is no question of title involved. The law is that the mere filing of an answer claiming title to the premises will not deprive the court of jurisdiction. The evidence determines whether a question of title or only the right of possession is involved. *Pettit v. Black*, 13 Neb. 142, 12 N. W. 841; *Lipp v. Hunt*, 25 Neb. 91, 41 N. W. 143. If the court can find and determine the right of possession without at the same time determining the rights of the parties, legal or equitable, in the property itself, it cannot be said that the title is drawn in question. *Kouma v. Murphy, supra.* Plaintiff does not question or deny his landlord's title. He concedes that defendant now owns all the lessor's interest in the school-land leases. Plaintiff simply contends that he is entitled to possession under his prior lease, of which defendant had notice.

In this connection the rule is that one cannot convey to another a greater interest in real estate than he himself possesses. *Guthmann v. Vallery,* 51 Neb. 824, 71 N. W. 734. Defendant having notice and knowledge of plaintiff's lease before his own was executed and delivered, and before he received the assignment of his grandfather's school-land leases, cannot claim to be an innocent lessee or purchaser. *Dundee Realty Co. v: Leavitt,* 87 Neb. 711, 127 N. W. 1057; *McParland v. Peters,* 87 Neb. 829, 128 N. W. 523; *Weaver v. Coumbe,* 15 Neb. 167, 17 N. W. 357.

Under such circumstances defendant took his 5-year lease and the assignment of the lessor's school-land leases subject to plaintiff's prior valid lease and right to possession of the land on March 1, 1942. *Phillips Petroleum Co. v. Skinner, supra.* By assuming to stand in the shoes of the lessor, with knowledge of plaintiff's rights, defendant became duty bound by reason of the implied covenant in plaintiff's lease, to deliver possession of the premises to him, and defendant cannot put plaintiff to any disadvantage in the assertion of his rights or the enforcement of his remedies.

We find no error in the record and the judgment is

AFFIRMED.