## J. & J. SLATER, Inc., v. BRAINERD.
### No. 284.

Municipal Court of Appeals for the District of Columbia.
July 27, 1945.

Rehearing Denied Aug. 6, 1945.

James M. Earnest, of Washington, D. C., for appellant.

Ralph A. Cusick, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

The first question on this appeal is whether an owner, having executed a lease to a new tenant, may sue in his own name to oust an older tenant who has remained in possession after the expiration of his lease. Such a suit having been successfully maintained against the tenant in possession, it brings the case here for review.

The factual background may be briefly and simply summarized. Almost ten years ago the tenant went into possession of downtown business property[1] under a lease. By extensions and renewals it continued in possession, and its last lease expired November 30, 1944. Several months before that time the owner had offered in writing to renew the lease at an increased rental, and having received no reply from the lessee, proceeded to execute a new lease

---

[1] Being used for other than dwelling purposes, the property is not governed by the Emergency Rent Act, Code 1940, § 45—1601 et seq.

to another firm, effective upon the expiration of the existing lease. When defendant's lease expired, the owner sued for possession in his own name. Defendant (appellant here) disputes plaintiff's right to maintain the suit, contending that he had divested himself of such right when he made the lease to the new tenant. It should be pointed out, however, that there was no evidence at the trial to support such contention. There was no testimony that plaintiff had yielded to the new tenant the right to sue, or had done anything to extinguish his own title in the property. On the contrary, the new lease made specific provision for the contingency that the owner might not be able to deliver possession, and provided for abatement of rent in that event.

Thus the real question, as we have said, is whether the owner may prosecute the suit. The complaint recited, as grounds for possession, simply "that the term of defendant's lease has expired." Proceeding, as he seems to have done, under Code, Section 11—735, he was only obliged to establish that he was "the person aggrieved" by defendant's failure to vacate.

It may be noted that an earlier decision of the Supreme Court had held that "in order to sustain this form of proceeding, the conventional relation of landlord and tenant must exist, or have existed, between the parties." Willis v. Eastern Trust & Banking Co., 169 U.S. 295, 18 S.Ct. 347, 353, 42 L.Ed. 752. It was after that decision that the law was amended to give the right to sue to a "person aggrieved," etc. We think it cannot be said that substituting those words for the words "person entitled to the premises" operates to deprive an owner of his right to sue. He is certainly "a person aggrieved" by tenant's unlawful detention of the property. It may be said that the new lessee is aggrieved, too, but that does not mean that the owner has lost his right to sue. Whether such right is exclusively that of the owner, we need not decide (for there is no contest here between the owner and the new lessee) though there are many decisions which take that view.[2] We do decide that the owner had the clear right to maintain the suit.

A second issue on this appeal concerns the sufficiency of evidence to support the jury's verdict. One of the defenses, and as it developed, the only one submitted to the jury, was that sometime in 1940 plaintiff-owner had verbally agreed that defendant might remain in possession so long as it wished, if it paid the rent "asked" or "demanded" by the landlord. There was evidence to support the defense. But there was also evidence contradicting it, including an ensuing course of conduct which rather strongly indicated a contrary intention on the part of both parties.

Conceiving that to be the only factual issue in the case, the trial judge invoked Municipal Court Rule 45 (the counterpart of Rule 49, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c) which authorizes the submission of an issue or issues for special verdict. He submitted to the jury the single question, "Did the plaintiff, that is Mr. Brainerd, in 1940 make an oral agreement that the defendant, that is the Slater Company, could remain in possession of the premises involved so long as the defendant paid any rental that was asked by the plaintiff?" The jury answered, "No" and upon its verdict judgment was entered. We think the action of the trial judge in dealing with the case in this manner was correct and proper. He took no issue of fact from the jury. On the contrary, he submitted to them the only disputed testimony, and took on his own shoulders the responsibility of deciding the questions of law. Defendant cannot complain that the issue of fact was left to the jury. Nor, in our view of the case is there any basis for attacking the rulings of law which followed the jury's verdict.

Other errors are assigned in the brief, but our study of the record convinces us that the trial judge committed no error.

Affirmed.

---

[2] Stoltz v. United States, 9 Cir., 99 F. 2d 283; Holzman v. Gattis, 195 Ark. 773, 114 S.W.2d 3; Bonfils v. Martin's Food Service Co., Mo.Sup., 231 S.W. 60; Kouma v. Murphy, 129 Neb. 892, 263 N.W. 211; Eells v. Morse, 208 N.Y. 103, 101 N.E. 803; Flannagan v. Dickerson, 103 Okl. 206, 229 P. 552; Fine v. Lawless, 139 Tenn. 160, 201 S.W. 160, L.R.A. 1918C, 1045.