219 P.2d 1043

## CHESHIRE et al. v. THURSTON.

### No. 5169.

Supreme Court of Arizona.

July 6, 1950.

McQuatters & Stevenson and Neil V. Christensen, of Flagstaff, for appellants.

Wilson, Compton & Wilson, of Flagstaff, for appellee.

DeCONCINI, Justice.

Appellee Thurston, plaintiff below, brought an action against appellants Cheshire et al., hereinafter called defendants, in forcible detainer for possession of certain premises in Williams, Arizona.

The defendants had occupied the premises under a five (5) year lease expiring July 14, 1948 and providing for a rental of $100.00 per month. During the year previous to the expiration date the parties were negotiating for a five (5) year renewal or extension of the lease but nothing was reduced to writing concerning such negotiation. On July 9, 1948, plaintiff notified defendants that the existing lease would expire July 14, and the defendants should vacate and surrender the premises on July 15, 1948. Upon receipt of that notice the defendants on July 10, 1948, acknowledged same and requested a new five (5) year lease at $200.00 per month be reduced to writing as per a verbal agreement between the parties made in October,

1947, and deposited $200.00 for the first month's rent to the credit of plaintiff in the Bank of Arizona at Williams. Plaintiff directed the bank to return the $200.00 to the defendants which the bank failed to do. Defendants failed and refused to surrender the premises on July 15 so plaintiff brought his action July 16, 1948. The case was tried to the court who found the defendants guilty of forcible detainer and judgment was entered in favor of plaintiff whereupon defendants appeal.

Defendants assign as error that (1) the evidence shows that plaintiff was not the proper party plaintiff because he had alienated his present reversionary interest by leasing the premises to one Nelson Olson, and (2) that by accepting the $200.00 deposited as the first month's rent on the requested five (5) year lease the plaintiff acknowledged defendants' right to hold it from month to month for a period of two months under the terms of the lease that expired July 14, 1948, by virtue of section 71-305, A.C.A.1939.

There is no merit to either assignment. There is a split of authority as to whether a landlord is obliged to put a tenant in actual possession or only give him legal possession. In this case the evidence is in conflict as to whether plaintiff had definitely leased the premises to Olson or had leased them subject to defendants vacating. There being no findings of fact we are at a loss to know the conclusion of the trial court on this point, but it did decide in favor of the plaintiff. The proposition that all intendments are in favor of the judgment if there is any legally competent evidence to sustain it, needs no citation.

Assuming plaintiff had leased the premises, we hold with the rule that in the absence of an express covenant there is an implied covenant on the part of the landlord to put his tenant in actual possession where the term is to commence in futuro for the reason that logic necessitates that conclusion as the better rule of law. For an exposition of both rules see Hannan v. Dusch, 154 Va. 356, 153 S.E. 824, 70 A.L.R. 141, 151. Other authorities likewise follow this rule. Kouma v. Murphy, 129 Neb. 892, 263 N.W. 211; Flannagan v. Dickerson, 103 Okl. 206, 229 P. 552; Adrian v. Rabinowitz, 116 N.J.L. 586, 186 A. 29. If, on the other hand, the premises were not leased to Olson then the plaintiff was also the proper party to bring the action as designated by section 27-1203, A. C.A.1939.

Plaintiff cites the case of Gregory v. Pribbeno, 143 Neb. 379, 9 N.W.2d 485, which holds that either the landlord or the new lessee is a proper party plaintiff in an action in forcible detainer against a tenant who holds over without right after the expiration of his term. We believe that rule to be sound.

Under our statutes either party would be a proper person to bring the action. The first paragraph of section 27-1203, su-

302

pra, clearly indicates that a landlord would be a proper party plaintiff. A new lessee would also qualify as a proper party plaintiff under the provisions of sections 27-1201 and 27-1207, A.C.A.1939.

■ As to defendants' second assignment of error, defendants rely on section 71-305, A.C.A.1939, as follows: "71-305. Holding over does not renew lease.—When the lessee holds over and retains possession after expiration of the term of the lease without express contract with the owner, such holding over shall not operate to renew the lease for the term of the former lease, but thereafter the tenancy is from month to month." To make them hold over as tenants on a month to month basis. If defendants had deposited the $200.00 as payment for two (2) months' rent with the intention of being a month to month tenant and the plaintiff accepted the money on that basis, there is no doubt but that the defendants would be right. However, defendants' deposit of the $200.00 was based on the view of a negotiated lease for a period of another five (5) years at a rental of $200.00 per month. We quote from defendants' letter of July 10, 1948: "It is our intention to continue to occupy the premises pursuant to the terms of the verbal agreement to lease; and pursuant thereto, we had made payment of rental due for the month of July15–August 15 by depositing same to your credit in the Bank of Arizona in Williams as has been our custom in the past." From the foregoing it is apparent that no month to month tenancy arose.

Judgment affirmed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concurring.